SAMUEL TAINTER *versus* JAMES A. LOMBARD.

In a sale of personal property by parol, the title may vest in an undisclosed principal for whom the apparent purchaser is negotiating as agent.

In such case, the principal may vindicate his title as against the agent, although the seller of the property has no knowledge of the interest of the principal.

If A negotiate for the purchase of personal property, and, at his request, B pays for it upon the agreement that he is to hold the property as his own, until he is repaid, and the property is delivered to them under this agreement, the title will vest in B.

ON EXCEPTIONS, by plaintiff, to the ruling of APPLETON, C. J.
REPLEVIN for a wagon. The case is stated in the opinion.

*A. W. Paine,* for plaintiff.

*J. A. Peters,* for defendant.

BARROWS, J.—The wagon replevied in this suit is claimed by the defendant by virtue of a sale to him from Robert B. Tainter, the plaintiff's son, and the case finds that the only question was one of title whether the wagon was the property of the father or the son. It was bought of Reuben Dunning. The terms of sale were agreed upon between him and the son, and he appears to have supposed that the sale was to the son and testifies accordingly. But he required the father to sign the notes with the son and took a mortgage of the father's oxen as security for the notes, and, upon his delivering the wagon, they together took it and hauled it to a neighboring shop to be repaired. The case finds that plaintiff and his son were living together at this time, the son being a young man possessed of little or no property. The father testified that the son solicited him to purchase the wagon and procured Dunning's terms, and that, before going over to Dunning's to close the trade, it was agreed between them that the father should give his note for the wagon and that the wagon should be *his* until paid for by the son, — that he paid the notes which were given for the wagon and also paid for the repairs, that the son had never repaid these sums, that the wagon was used by the family from the time of the purchase, July 9, 1859, till

Aug. 30, 1862, when the son took it from the father violently while the latter was riding in it on the highway, and sold it to the defendant.

On the part of the defendant, there was testimony tending to show that the son bought the wagon and paid for it and always held it as his own, and that the father merely signed the note with the son as a surety. The Judge instructed the jury that if the father and son, before the delivery of the wagon by Dunning, agreed between themselves that the father should hold the property as security for the payment of the note, and nothing was afterwards done about it, the title would not pass, (to the father,) provided the sale was made by Dunning to the son, the father signing with the son as surety.

This instruction was doubtless correct. The doctrine is simply this, that an agreement to give a mortgage or pledge, not executed, cannot be permitted to take the place of such mortgage or pledge under these circumstances.

The difficulty is that this instruction presents the case only upon the hypothesis that the testimony offered on the part of the defendant, above referred to, was true, and that no instruction was given upon the phase of the case presented by the plaintiff's testimony, although the plaintiff's counsel requested the Court to instruct the jury that, "if by agreement between the father and son, the former was to hold the property of the wagon until the son had paid for it, and the wagon was delivered to them under this agreement, the agreement would be binding and the father would hold the property accordingly." The requested instruction was refused. The Judge is not bound to adopt the language of counsel in communicating the law of the case to the jury, and, provided it appears, or may fairly be presumed from the exceptions, that pertinent and correct instructions as to the points raised by the testimony were in fact given, exceptions will not be sustained on account of his refusal to do so.

In the case at bar, however, the instruction before recited, as given by the Judge, is presented as *the* ruling of the

Tainter *v.* Lombard.

Court upon the law of the case, and not as an instruction given *inter alia*.

*It would seem* from the exceptions that no such instructions were given as to the vital question in the case, — viz. : to whom did the property pass upon the sale by Dunning — as the plaintiff in view of his testimony and the requested instruction was entitled to have.

The fault may be in the exceptions, but, having been duly allowed, they are to be considered as presenting the case correctly.

For whom did the son make the bargain with Dunning? For himself, or, as agent, for his father? To whom did the property pass upon that sale? The questions are fairly raised by the plaintiff's testimony and the requested instruction, and it was the duty of the Court to aid the jury in their determination by appropriate instructions upon matters of law.

Upon a sale of personal property by parol or by writing not under seal, it is not unfrequent that the title vests not in the apparent purchaser, but in some undisclosed principal for whom the apparent purchaser was negotiating as agent, and the authorities cited by the plaintiff's counsel in argument, and numerous others, show that the real purchaser, though unknown to the seller, may vindicate by suit in his own name his rights in the property, and also rights under contract made respecting the property by the agent, in *his* own name only, without disclosing his principal, provided only that the seller or party dealing with the agent is not prejudiced by the introduction of the unknown principal in place of the agent.

In the case at bar, although Dunning may have supposed, and honestly testified, that he sold the wagon to the son, this ought not to be permitted to prejudice the rights of the plaintiff, if, in point of fact, in pursuance of the agreement between the father and the son, made pending the bargain, the father became the real purchaser.

*Exceptions sustained. — New trial granted.*

DAVIS, KENT, DANFORTH, and DICKERSON, J. J., concurred.