Hillsborough,
Feb. 2, 1904.

### NORRIS v. CLARK & a.

A decree of specific performance is not a matter of right to which a party is entitled upon proof of the contract, but rests in the sound discretion of the court, and is to be granted or withheld according to the circumstances of the particular case.

A finding that a decree of specific performance would be inequitable under all the circumstances authorizes the dismissal of a bill praying for such relief; and such finding cannot be set aside, if supported by any competent evidence, unless it is apparent that it was the result of passion, partiality, or corruption, or that the trier of fact unwittingly fell into a plain mistake.

BILL IN EQUITY, for the specific performance of a contract by which the defendants agreed to convey to the plaintiff, for the sum of $15,000, certain interests in the estates of their mother and brother, embracing both real and personal property.

The case was heard at the May term, 1903, of the superior court before *Pike*, J., who found that at the date of the contract the interests conveyed were worth a very substantial sum in excess of $7,250, in addition to the amount which the plaintiff had agreed to pay. The court also found specifically that the consideration of the contract was inadequate, and that it would be inequitable to decree specific performance under the circumstances of the case. There was evidence tending to prove that at the time of making the contract the plaintiff knew, and the defendants did not know, the value of the estates, and that the defendants were ignorant, unacquainted with business, and did not understand the nature or effect of the agreement, which they signed at the solicitation of the plaintiff. The bill was dismissed,. and the plaintiff excepted.

*Burnham, Brown, Jones & Warren,* for the plaintiff.

*G. K. & B. T. Bartlett* and *Samuel W. Emery,* for the defendants.

PARSONS, C. J. The fact is found that it would, under the circumstances of the case, be inequitable to decree specific performance of the contract. This finding authorizes a dismissal of the bill. 2 Sto. Eq. Jur., *ss.* 750, 769; *Eaton* v. *Eaton,* 64 N. H. 493, 498; *Eastman* v. *Plumer,* 46 N. H. 464, 479. A decree for specific performance is not a matter of right to which a party is entitled upon proof of the contract, but rests in the sound discretion of the court, which grants or withholds the relief according to all the circumstances of the case. 2 Sto. Eq. Jur., *s.* 742;. *Eastman* v. *Plumer, supra; Pickering* v. *Pickering,* 38 N. H. 400, 407.

It is found that the consideration of the agreement was inadequate. The plaintiff contends that mere inadequacy of consideration does not authorize the court to refuse specific performance. The exercise of the discretion of the court to grant or withhold the relief of specific performance is the determination of a question of fact. *Eckstein* v. *Downing,* 64 N. H. 248, 259. Upon this question the inadequacy of consideration is evidence. It is said in *Powers* v. *Hale,* 25 N. H. 145, 151, that "although mere inadequacy of price, independent of other circumstances, is not of itself sufficient to set aside a transaction, yet it may induce the court to stay the exercise of its power to enforce the specific performance of a contract." This proposition is approved in *Eastman* v. *Plumer,* 46 N. H. 464, 479, and in effect in *Eaton* v. *Eaton,* 64 N. H. 493, citing *Willard* v. *Tayloe,* 8 Wall. 557, 567.

This view is not unsupported by other authorities. It is also said that relief will not be refused on the ground of inadequacy of consideration alone, but will nevertheless be granted unless the inadequacy of consideration is so gross as to lead to a reasonable conclusion of fraud and mistake. Bisp. Eq., s. 374; *Western R. R.* v. *Babcock*, 6 Met. 346, 357; *Park* v. *Johnson*, 4 Allen 259, 266; *Lee* v. *Kirby*, 104 Mass. 420, 427; *Seymour* v. *Delancy*, 3 Cow. 445,—15 Am. Dec., note 299, 301.

Whether the cases cited are in conflict need not now be considered, for the finding of a want of equity is made " under the circumstances of the case." The conclusion of the trial court cannot be set aside if there was any competent evidence to sustain it, except under such circumstances as would authorize setting aside the verdict of a jury as against the weight of the evidence, *i. e.*, that the result was produced by passion, partiality, or corruption, or that the trier of fact unwittingly fell into a plain mistake. *Colburn* v. *Groton*, 66 N. H. 151, 153, 154.

In this case the evidence has been reported, and there is evidence aside from the inadequacy of price tending to show that the parties did not contract upon equal terms, and that the contract itself was the result of fraud, surprise, or mistake. *Lee* v. *Kirby*, 104 Mass. 420, 428. As there was evidence from which the conclusion of the trial court might have been reached within the rule as to the effect of inadequacy of consideration as claimed by the plaintiff, it is not material to consider whether his contention is or is not correct.

*Exception overruled.*

All concurred.