Rockingham, }
March 7, 1905. }

## USHER *v.* DANIELS.

## SAME *v.* HOLMES.

A memorandum of a contract for the sale of personalty is not insufficient to satisfy the requirements of the statute of frauds merely because the party signing as vendor was in fact the agent of an undisclosed principal in whose name suit is brought.

ASSUMPSIT, for not accepting goods. Trial at the January term, 1904, of the superior court before *Pike*, J.

Each defendant entered into a contract with one Cady, the plaintiff's agent, to buy goods of the value of $91.24, and each as purchaser signed a memorandum of the contract, in which the quantity and kind of goods was stated, together with the price, time of payment, and date of shipment. Cady signed each memorandum in his own name. He was duly authorized to act for the plaintiff, but he did not tell the defendants, nor did they know, that he was agent for any one. Nothing was paid down and no portion of the goods was accepted or received by either defendant. The court ruled that the memorandum in each case was insufficient and ordered nonsuits, and the plaintiff excepted.

*John T. Bartlett*, for the plaintiff.

*Ernest L. Guptill* and *Page & Bartlett*, for the defendants.

BINGHAM, J. As both contracts are for sales of goods at prices exceeding thirty-three dollars, they are within the statute of frauds, and the question arises whether the memorandum in each case is sufficient to satisfy the requirements of the statute, the plaintiff not being named or described in either of them.

In *Chandler* v. *Coe,* 54 N. H. 561, 576, it was held " that where there is a written contract not under seal, executed in the name of an agent, parol evidence is admissible for the purpose of charging an unknown principal; " that the admission of parol testimony for such a purpose and under such circumstances does not contradict or vary the terms of the written instrument, and is not admitted for that purpose, but for the purpose of applying and giving effect to an established rule of law, to wit, that the act of the agent in signing the agreement in pursuance of his authority is in law the act of the principal—the agent's signature is the principal's signature.

The doctrine that an undisclosed principal may sue in his own name upon a written as well as an oral contract made by an agent in his own name, and that parol evidence is admissible to prove the plaintiff's interest, is well established in this state and in other jurisdictions.   *Elkins* v. *Railroad,* 19 N. H. 337, 341, 342 ; *Chandler* v. *Coe, supra; Bryant* v. *Wells,* 56 N. H. 152 ; *McIntire* v. *Evans,* 59 N. H. 237 ; *Boudreau* v. *Eastman,* 59 N. H. 467 ; *Tainter* v. *Lombard,* 53 Me. 369 ; *Huntington* v. *Knox,* 7 Cush. 371 ; *Eastern R. R.* v. *Benedict,* 5 Gray 561 ; *Barry* v. *Page,* 10 Gray 398 ; *Winchester* v. *Howard,* 97 Mass. 303 ; *Sims* v. *Bond,* 5 B. & Ad. 389 ; *Wilson* v. *Hart,* 7 Taunt. 295.

Does the statute of frauds prevent the enforcement of this principle of agency, by excluding oral evidence to prove the facts to which it may be applied ?   As we have already seen, such evidence is admissible in the case of a written contract, and it would seem that it should be equally admissible in the case of a memorandum of an oral contract within the statute of frauds, unless the statute clearly excludes it.

In *Chandler* v. *Coe, supra,* 574, it is stated that "it has been conceded, in the argument for the defendants, that the statute of frauds interposes no obstacle to the maintenance of an action against a principal, although the note or memorandum required by the statute is signed by his agent, and the name of the principal nowhere appears in it."   If this is a correct interpretation of the act, the converse proposition must be equally true, which would permit an undisclosed principal to enforce the provisions of the contract by a suit upon it.

In *Lang* v. *Henry,* 54 N. H. 57, 60, the court in speaking of this question said that " parol evidence is admissible to apply the contract to the parties, as to show that one of the signers acted as agent for the plaintiff or the defendant," citing *Trueman* v. *Loder,* 11 A. & E. 589, and *Higgins* v. *Senior,* 8 M. & W. 834, 835.   In these cases it was held that parol evidence was admissible " to show that one or both of the contracting parties were agents for

other persons, and acted as such agents in making the contract, so as to give the benefit of the contract, on the one hand, to, and charge with liability, on the other, the unnamed principals, and this whether the agreement be or be not required to be in writing by the statute of frauds." The same reasoning was applied in these cases, with reference to a memorandum under the statute of frauds, as was applied in *Chandler* v. *Coe* to a written contract.

There is without doubt a conflict of authority upon the question, but the most reasonable view seems to be that, as to a memorandum of a contract for a sale of goods, the statute does not change the law regulating the rights and liabilities of principals. and agents, either as between themselves or as to third parties;. that the provisions of the statute are complied with if the names of competent contracting parties appear in the memorandum; and that if a party be an agent, it is not necessary that the name of the principal be disclosed in the memorandum. See *Kingsley* v. *Siebricht*, 92 Me. 23, 30; *Williams* v. *Bacon*, 2 Gray 387; *Lerned* v. *Johns*, 9 Allen 419; *Sanborn* v. *Flagler*, 9 Allen 474; *Gowen* v. *Klous*, 101 Mass. 449; *Dykers* v. *Townsend*, 24 N. Y. 57; *Kittel* v. *Stueve*, 10 N. Y. Misc. 696; *Broadhead* v. *Reinbold*, 200 Pa. St. 618; *Thayer* v. *Luce*, 22 Ohio St. 62; *Salmon Falls Mfg. Co.* v. *Goddard*, 14 How. 446; Benj. Sales (7th ed.), ss. 208, 219; 3 Par. Cont. (9th ed.) 10–13; Br. St. Fr., ss. 373, 375.

*Sherburne* v. *Shaw*, 1 N. H. 157, is not in conflict with the above cases. In that case the subject-matter of the contract was. land, and it was held that the auctioneer by placing his name upon the memorandum did not intend to have it understood that he was. acting as vendor; that no one was named or disclosed in the writings as vendor; and that if the auctioneer had intended to act as agent for the owners, his authority to do so could not be: shown by oral evidence, as our statute regulating contracts for the sale of land expressly requires the agent's authority to be in writing. Laws, *ed.* 1815, *p.* 191, *s.* 3; P. S., *c.* 215, *s.* 1. *Grafton* v. *Cummings*, 99 U. S. 100, and *McGovern* v. *Hern*, 153 Mass. 308, are cases of the same nature, and the decisions are placed. upon like grounds.

*Salmon Falls Mfg. Co.* v. *Goddard*, *supra*, has been cited with approval in our decisions, in so far as it held that it was compe-- tent to show by parol testimony that one who signed the memorandum in his own name acted as agent for an undisclosed principal. *Chandler* v. *Coe*, *supra*, 571. But to the extent that it allowed oral evidence to be introduced to show which of the parties signing the memorandum was vendor and which was purchaser, it has been disapproved. *Brown* v. *Whipple*,. 58 N. H. 229,. 231.

If in *Brown* v. *Whipple, supra,* the memorandum is to be considered as signed by the defendant and as designating him as purchaser, it failed to name or describe the plaintiff as a party to the contract, or to refer to any writings in which he was so named.

In *Rafferty* v. *Lougee,* 63 N. H. 54, the memorandum of sale was not signed by any one, and it made no reference to any writings signed by the parties to the contract or in which they were named or described.

In *McDonald* v. *Fernald,* 68 N. H. 171, the memorandum was signed by the defendant, and the plaintiff, though not named, was held to be sufficiently described as one of the contracting parties by the clause " all men such as are now at work for B. R. Condon, sub-contractor."

These decisions do not conflict with the result we have reached, and we know of no case in this state in which a contrary view has been entertained. The order, therefore, in each case is,

*Exception sustained.*

All concurred.