Strafford, }
April 2, 1907. }

## TWOMBLY v. LORD.

The exclusion of competent and material evidence under a plain mistake of fact furnishes sufficient cause for setting aside a verdict.

TRESPASS *quare clausum et de bonis*.    Trial by jury and verdict for the plaintiff.    Transferred from the September term, 1905, of the superior court by *Chamberlin*, J.

The controversy was as to the location of the divisional line between the parties.    It was agreed that the line began at the obtuse angle of Lot 3 in the first division of lots in Middleton, at the intersection of the Hare road, so called, with the main road in Middleton, and thence running southerly by the first check line in the town, which line was the division line between Lots 1 and 3. The defendant offered in evidence what purported to be a plan of the town of Middleton in a volume of the State Papers.    Because of immaterial printed matter likely to mislead the jury, the plan was excluded, subject to exception.

*William S. Pierce* and *John Kivel*, for the plaintiff.

*Forrest L. Marsh* and *Arthur L. Foote*, for the defendant.

PARSONS, C. J.    The sole ground upon which the plan offered by the defendant was excluded was that it contained "immaterial printed matter likely to mislead the jury."    The only suggestion made in support of this finding is that the plan was self-contradictory.    It is said that the length of the side line of the town, found by the multiplication of the width of each lot as stated in the printed matter on the plan by the number of lots on the line, is much less than the length of the line as stated on the plan. Hence, it is argued, it is uncertain whether the width of the lots, which appears to have been a material matter, is the distance stated on the plan or the greater distance obtained by dividing the length of the side line by the number of lots.    An examination of the copy found in Volume 28, State Papers, which was made a part of the case, shows the suggestion to be unfounded, because the lots on the side line are stated to be of different widths, ten of the length employed by counsel for the plaintiff in their computation and ten of greater width.    Making the computation according to the width of the lots as stated on the plan, there is no discrepancy between the stated and computed length

of the side line, and no contradiction in the evidence as to the width of the lots furnished by the plan.

The finding of fact upon which the evidence was excluded thus appears, upon the only ground urged in its support, to have been a plain mistake. No other ground being suggested or appearing upon which the finding can be sustained, it must be set aside. *Norris* v. *Clark*, 72 N. H. 442. The evidence furnished by the ·plan, no objection being made to the authenticity of the original or of the copy, was competent and it appears to have been material. Its exclusion was due to a mistake of fact and was error. This result is reached without considering whether the fact found, if sustainable, would have authorized as matter of law the entire exclusion of the evidence furnished by the plan, or whether the printed matter on the plan was as matter of law immaterial. Nothing appears in the case from which it could be found that the exclusion of material, competent evidence was not prejudicial to the objecting party. The verdict against the party objecting must therefore be set aside.

*Exception sustained.*

All concurred.