Hillsborough, }
Dec. 4, 1917. }

### JAMES ORESTES *v.* COSTAS GALANIS.

On a bill for specific performance of a written agreement to convey land, relief, if equitable, is granted as of course, though the plaintiff's loss from the defendant's refusal to convey would be slight.

BILL IN EQUITY, for the specific performance of a written agreement to convey land. Decree for the plaintiff. Transferred by *Allen*, J., from the January term, 1917, of the superior court on the defendant's exception to the exclusion of evidence as to the extent of the plaintiff's damages and to the court's refusal to set aside the decree because the plaintiff had an adequate legal remedy.

*Markār G. Markarian* and *Henri A. Burque*, for the plaintiff.

*Walter E. Kittredge* and *Frederick J. Gaffney*, for the defendant.

YOUNG, J. The question raised by the defendant's exception to the court's refusal to vacate the decree is not, as he appears to think, the same as it would be if the agreement were not in writing. In such a case relief is refused unless that would operate as a fraud on the plaintiff. *Muir* v. *Bartlett, ante,* 313. But when the agreement is in writing, relief is granted as a matter of course, if the court finds that compelling the defendant to convey would be equitable. *Norris* v. *Clark,* 72 N. H. 442; *Pierce* v. *Morse,* 65 N. H. 196; *Ewins* v. *Gordon,* 49 N. H. 444; 36 Cyc. 552.

In this case there is such a finding, and if the evidence excluded would have shown that the plaintiff had lost but little by the defendant's refusal to convey, that fact in and of itself has no tendency to prove that it is inequitable to compel him to do as he agreed.

*Exceptions overruled.*

All concurred.