Belknap,
Feb. 3, 1920.

### WILLIAM C. MARSHALL v. JOSEPH P. MORIN & a.

Though the evidence may warrant the submission of a case to the jury, a finding by the trial justice that the verdict rendered was against the weight of the evidence cannot be revised by the supreme court unless there is no evidence to support the finding or it clearly appears to involve a plain mistake.

ASSUMPSIT, trial by jury and verdict for the plaintiff for $8,144.67, which the court ordered set aside unless the plaintiff filed a *remittitur* in the sum of $5,870.13. The plaintiff refused to do so; and excepted to the order setting aside the verdict upon the ground that the action was properly submitted to the jury and that competent evidence was introduced by the plaintiff to sustain the verdict; and filed this bill of exceptions which was duly allowed by *Kivel*, C. J., at the March term, 1918, of the superior court.

*Jewett & Jewett* and *Owen & Veazey* (*Mr. Theo S. Jewett* orally), for the plaintiff:

It is plain that the superior court cannot substitute its views for those of the jury even though the court might have found otherwise; as that would be a violation of the constitutional right of a trial by jury. The superior court in a trial where the evidence is conflicting and where the credibility of witnesses occupies a prominent position should not abuse its legal discretion, and set the verdict aside, for the discretion is not an absolute one. The verdict of the jury should stand where it is apparent that there was some evidence upon which

the conclusion might have reasonably been· reached. *Colburn* v. *Groton,* 66 N. H. at page 154; *Burr* v. *Harty,* 75 Conn. 127; *Schleifenbaum* v. *Rundbaken,* 81 Conn. 623; *Cables* v. *Company,* 86 Conn. 223.

*Charles B. Hibbard, Martin & Howe* and *Cox & Fowler* (*Mr. Hibbard* orally), for the defendants:

The question whether a verdict ought to be set aside as against evidence is a question of fact, to be decided by the judge presiding at the trial. *Fuller* v. *Bailey,* 58 N. H. 71; *Lefavor* v. *Smith,* 58 N. H. 125; *Kelley* v. *Woodward,* 58 N. H. 153; *Daniels* v. *Lebanon,* 58 N. H. 284; *Lawrence* v. *Towle,* 59 N. H. 28; *Hovey* v. *Brown,* 59 N. H. 114; *Merrill* v. *Perkins,* 61 N. H. 262; *Paine* v. *Railway,* 63 N. H. 623; *Little* v. *Upham,* 64 N. H. 279; *Clark* v. *Manchester,* 64 N. H. 471; *Lucier* v. *Larose,* 66 N. H. 141; *Abbott* v. *Railroad,* 69 N. H. 176; *Pitman* v. *Mauran,* 69 N. H. 230; *Wilbur* v. *Berry,* 71 N. H. 619; *Lyman* v. *Brown,* 73 N. H. 411; *Lally* v. *Insurance Co.,* 75 N. H. 188; *Chabot* v. *Company,* 79 N. H. 230. It is a question "which the court at the trial term would not ordinarily reserve, and which the court at the law term would refuse to consider if it were reserved." *State* v. *Wren,* 77 N. H. 361, 367; *Hansen* v. *Railway,* 78 N. H. 518, 523.

PARSONS, C. J. Assuming the grounds of exception assigned are well founded, that the action was properly submitted to the jury and that there was competent evidence tending to support the verdict, it does not follow that the presiding judge was in error in finding the verdict rendered was against the weight of the evidence.

Whether it was or not was a question of fact to be determined at the trial and as there was evidence tending to support the conclusion there reached, this court has no power to revise the finding. *Nawn* v. *Railroad,* 77 N. H. 299, 304, and cases cited in defendants' brief. This court has no jurisdiction of questions of fact determined in the superior court by the presiding judge. The only questions that can be raised here are (1) whether there was any evidence in support of the finding, and (2) whether the finding clearly appears to involve a plain mistake. "The verdict of a jury or the conclusions of a referee can only be set aside on this ground [as against the weight of the evidence] where it conclusively appears that the trier of fact unwittingly fell into a plain mistake, or that the verdict was produced by passion, partiality, or corruption. The same rule applies when a finding of fact made by the presiding judge . . . is attacked as against the evidence." *State* v. *Wren,* 77 N. H. 361, 367.

In *Twombly* v. *Lord*, 74 N. H. 211, an ancient plan was excluded on the ground that it was self-contradictory. An examination of the plan showed there was no conflict, and the finding of fact upon which the exclusion was based was set aside as a plain mistake. Upon this ground alone could the finding in this case be set aside. The plaintiff having failed to make such a mistake plainly apparent, the finding cannot be disturbed.

*Exception overruled.*

All concurred.