Strafford,  }
Dec. 7, 1926.  }

### EDWARD L. DUNLAP *v.* ROSA E. FOSS.

It is no defense to a bill for specific performance that the agreement is contained in several writings where they may all be fairly construed as constituting one document.

No proof of damages resulting from the breach of a written agreement to convey land is essential to maintain a bill for specific performance.

When an agreement to convey land is in writing, a decree of specific performance is ordered, if found to be equitable; and such a decree implies such a finding.

A contract by a married woman to convey land at a future date when she anticipates a decree of divorce in her favor is not invalidated by the non-joinder of her husband, on the mere proof of coverture; and will be specifically enforced against her after the divorce is granted in the absence of evidence that the decree did not disencumber the land.

An exception that a decree in equity is against the weight of the evidence raises no question for the supreme court.

BILL IN EQUITY, for specific performance of a written agreement to convey land. Decree for the plaintiff. The defendant, at the close of the evidence, moved the dismissal of the plaintiff's bill. The defendant excepted to the denial of her motion, also to certain findings of fact and to the decree. The facts appear in the opinion. A bill of exceptions was allowed by *Young*, J.

*Smart & Smart*, for the plaintiff.

*Henry D. Yeaton*, for the defendant.

SNOW, J. The plaintiff's bill prays for the specific enforcement of a contract embodied in two papers, each signed by the defendant, namely, (1) "Rochester, New Hampshire, Oct. 4, 1923. Bought of

Mrs. Rosa Foss one piece of real estate, located 99 North Main Street for the sum of $4000.00. Cash paid $200. to bind bargain. Balance to be paid when called for. Further particulars to be arranged to suit purchaser and seller." (2) "Oct. 8, 1923. $10. For manure in full to date in cellar of barn at No. 99 No. Main St. from Ed Dunlap who has purchased her home place. Final deed to close Oct. 14, 1923." The later paper, in part, purports to have been made pursuant to the terms of the last provision of the earlier one, to arrange for further particulars of the sale. *White* v. *Poole*, 74 N. H. 71, 73. It is no defense that the agreement must be gathered from more than one instrument where, as here, they may fairly be construed as constituting one writing. *Hickey* v. *Dole*, 66 N. H. 336. The two documents contain all the requisites of a valid contract for the sale of lands. P. S., *c.* 215, *s.* 1 (P. L., *c.* 327, *s.* 1); *Rafferty* v. *Lougee*, 63 N. H. 54, 56; *Gilbert* v. *Tremblay*, 79 N. H. 431, 432. The defendant delivered the papers upon their respective dates to the plaintiff's wife, of whose agency there is evidence. *Usher* v. *Daniels*, 73 N. H. 206, 207.

 In support of her exception to the court's refusal to dismiss the plaintiff's bill, the defendant sets up the want of evidence of any damages suffered by the plaintiff because of the defendant's breach of her contract. Proof of damages is not essential to the plaintiff's case. *Ewins* v. *Gordon*, 49 N. H. 444, 455, 456; *Eckstein* v. *Downing*, 64 N. H. 248, 258; *Pierce* v. *Morse*, 65 N. H. 196, 198; 25 R. C. L. 271. When an agreement to convey land is in writing, relief by a decree of specific performance is granted if the court finds that compelling the defendant to convey is equitable. *Orestes* v. *Galanis*, 78 N. H. 514. The decree carries such an implied finding. *Manchester Dairy System, Inc.,* v. *Hayward, ante,* 193, 207.

The defendant contends that the evidence establishes the invalidity of the contract because of the non-joinder of her husband. At the date of the contract she had filed a libel for divorce, upon which she was expecting a favorable decree by October 14th. It could be found that it was upon such expectation that the 14th was fixed as the date for the delivery of the deed. Judgment upon a decree of divorce in her favor was entered October 11th. Upon the record as it stands, it is a sufficient answer to the defendant's contention that it does not conclusively appear that at the time the title was to pass, the husband had any interest in the property. The defendant's contract carried an admission of her right and power to make conveyance which is not overcome by mere proof of coverture.

The defendant's exception to the findings and to the decree, in so far as it sets up a want of evidence to support them, raised no new issue. In so far as it is addressed to the weight of the evidence, the facts have been found against her, and no error of law appears. *Bennett* v. *Larose, ante,* 443.

*Exceptions overruled.*

All concurred.