Pennock *v.* Ela.

## PENNOCK *v.* ELA.

In equity, time is not of the essence of a contract, unless clearly made so by its terms or the understanding of the parties.

Where a bill contains a prayer for specific and also for general relief, the plaintiff may have other specific relief, provided it be consistent with the case made by the bill; but he cannot desert the relief prayed, and,

under the prayer for general relief, ask and obtain specific relief of another description, unless the facts and circumstances charged or implied in the bill will maintain it.

Where the original bill asked for the specific performance of a contract to convey land, alleging performance of the contract by the plaintiff in paying the stipulated price, but without any averment of the time, place and circumstances of the payment, or of any settlement between the parties, and sought for a discovery by the defendant of all the circumstances relating to the alleged payment—*Held*, that an amendment was admissible, asking that an account might be taken, and praying that, if any balance proved to be still due, the plaintiff might be permitted to pay it ; and that the relief originally sought might be granted, with the modification that the plaintiff first pay the balance found due upon such account.

IN EQUITY. The original bill set forth a contract, originally entered into by parol in 1835, and reduced to writing in 1836, for the conveyance of a tract of land described, by the defendant to the plaintiff, on payment of the stipulated price within a fixed time ; on which land the plaintiff entered in 1835, and has ever since resided ; alleged an extension of the period for paying the price from time to time, and averred that the plaintiff had at length completed the payment, but the defendant, though requested, had refused to convey, and commenced a writ of entry to recover said premises of the plaintiff; and asked for discovery, and for the court to decree the specific performance of the contract; and for such further and general relief as the nature of the case demanded.

An amendment, allowed in the progress of the cause, asked substantially that an account might be taken of the balance of the price due for the land, if any, and that the plaintiff might be allowed to bring the same into court for the defendant, and thereupon specific performance of his contract by the defendant be decreed.

The cause was thereupon referred to a master, who found the contract to have been entered into between the parties substantially as alleged in the plaintiff's bill; that the time of payment was extended by parol from time to

Pennock *v.* Ela.

time, by agreement of the parties, and that on the third day of January, 1860, there was due the defendant upon the contract, of principal and interest, the sum of $72.54. Other facts sufficiently appear in the opinion of the court.

*H. & G. A. Bingham,* for the plaintiff.

*Farr* (with whom had been *H. A. Bellows*), for the defendant.

FOWLER, J.*   The first question presented upon the master's report, is, whether the plaintiff is entitled to the relief sought by the amended bill; and we think he is. It is a well-settled rule of equity, that time is not of the essence of the contract, unless clearly made so by its terms or the understanding of the parties. *Pickering* v. *Pickering,* 38 N. H. 400, and authorities. In the present case it is fully shown by the report of the master, that for nearly twenty years the plaintiff occupied and improved the premises in controversy as his own, erecting buildings, planting an orchard, and making various other improvements thereon. The period for payment of the purchase money was voluntarily extended from time to time, and the whole report shows that it was always the understanding of both the parties that the plaintiff was to have a conveyance of the land whenever he completed the payment of the price. Indeed, the master finds that just before the commencement of the present controversy, the defendant offered to make the conveyance upon the plaintiff's paying what he claimed to be due, to wit, at first, the sum of $300, and afterward that of $200. Under these circumstances, every consideration of justice and fair dealing seems to require that, upon the plaintiff's bringing into court what was found to be actually due by the

* BELLOWS, J., having been of counsel, did not sit.

master, with interest thereon, the defendant should be decreed to fulfil his contract by making the necessary conveyance of the premises.

The only remaining question suggested is, whether the relief now granted could have been obtained under the original bill, inasmuch as at the last term the amendment was received on terms to be settled, with the further order, that the plaintiff should pay the costs of the suit at law, and of this suit to the time of making the amendment, if the relief which should finally be granted could not have been obtained but for the amendment.

On this point it seems well settled, that though a bill contain, as usual, a prayer for general relief, and also for specific relief, the plaintiff may have other specific relief, provided it be consistent with the case made by the bill; but he cannot desert the relief prayed, and, under the general prayer, ask for specific relief of another description, unless the facts and circumstances charged in the bill will maintain it. *Wilkin* v. *Wilkin*, 1 Johns. Ch. 111; *Hewin* v. *Mill*, 13 Ves. 114, 120; *Grimes* v. *French*, 2 Atk. 141, and authorities in notes; *Dormer* v. *Fortescue*, 3 Atk. 132, and notes; Story's Eq. Pl., secs. 40, 41; Mitford by Jeremy, 38, 45; *English* v. *Foxall*, 2 Pet. 596; *Colton* v. *Ross*, 2 Paige Ch. 396; 1 Barb. Ch. 87.

In the present case, the specific relief asked in the original bill is substantially the same prayed for in the amended bill, and granted by the court. The only change by the amendment is that of asking, as preliminary to the decree of specific performance, that an account may be taken, and if anything shall be found due, the plaintiff may be allowed to pay it to the defendant, and thereupon be entitled to and receive the relief originally sought.

An examination of the original bill satisfies us that the amendment is substantially consistent with the case made by it; for although in it the plaintiff claimed that he had paid in full the price stipulated in the contract, it is yet

apparent that this was denied by the defendant; that there had been no adjustment or settlement between the parties, and that the plaintiff was himself in much uncertainty as to the actual state of the accounts, since he prays for discovery; so that, on the whole, we are satisfied it must have been through mere inadvertence on the part of the plaintiff's solicitors that the substance of the amendment was not incorporated in the original bill. From the allegations of the bill itself, the defendant must have anticipated an order for an account to be taken, and the granting of permission to the plaintiff to pay him any balance found due thereon; so that he could hardly have been misled or in any way incommoded by the omission of the amendment therefrom in form; and the report of the master finds, that before he filed his bill the plaintiff demanded of the defendant a settlement, and offered to pay any balance found due, and demanded also a conveyance of the premises. But the defendant refused both, denying that the plaintiff had any right in the land, and claiming, as he did in his answer, that nothing had ever been paid him under the contract, except the two endorsements made thereon, which would leave some $200 still due by the terms of the contract.

The master also finds that there was a great conflict of testimony before him as to the payment by the plaintiff to the defendant of the sum of $25, in 1843, and as to the existence of a note for $10, which the defendant had offset against payments made to him by the plaintiff; and it is apparent that he had much hesitation in deciding against the plaintiff on each of these items. Had they been decided the other way, nothing could have been found due to the defendant.

The master also finds that the plaintiff is an unlettered man, who kept no book of accounts whatever, and was obliged to rely entirely upon oral testimony to prove payments made nearly twenty years ago.

Under these circumstances, and others appearing in the report of the master to which we have not adverted, as the relief granted upon the amended bill is only the same specific relief sought in the original bill, modified in a manner favorable to the defendant, we can discover no sufficient reason why the amendment should not be received without the imposition of other terms than those usually incident to amendments, to wit, the payment of the costs of the last and present terms.

Let, therefore, a decree be entered, according to the prayer of the amended bill, that, upon the plaintiff's bringing into court the sum of $72.54, and interest from the third day of January last, the defendant convey to him, by a good and sufficient warranty deed, in common form, the premises described in the bill; that the plaintiff recover of the defendant his costs of the proceedings here; and that the defendant be perpetually enjoined from further prosecuting or taking judgment and execution in his suit at law for those premises.