PIERCE v. MORSE & a.

Specific performance of a contract for the conveyance of land will be decreed in favor of a plaintiff who has not performed his part of the contract, when it appears that his failure was caused by the unwarranted demands of the defendant as to what he must do, under the contract, to entitle him to a deed, and that he is now ready and able to perform.

BILL IN EQUITY, asking that the defendants be required to execute to the plaintiff a conveyance of certain real estate known as the Glynn House, in Lisbon, according to a written contract between the parties made May 11, 1888. Facts found by the court. The contract provided that upon receiving $500 from the plaintiff on or before August 1, 1888, and $500 on or before January 1, 1889, and the execution and delivery by the plaintiff to the defendants, on January 1, 1889, of his promissory notes for the balance of the purchase-money (which was $5,000) for $500 each, payable, one each year, with interest annually, and a mortgage of the premises to secure the same, the defendants should convey to him the premises in question. It further provides that if the plaintiff "fails to make such payments in manner and form as above specified, then said Pierce is to vacate the premises at once, and forfeit, as liquidated damages, the amount of money already

paid." The plaintiff was to keep the premises insured for the benefit of the defendants according to their interest. It was also agreed that the defendants should have the right to purchase a building lot upon the hill in rear of said premises and part of the same, with running water sufficient for the same, for a sum which was afterwards agreed at $250, "and said sum is to be allowed as payment for so much on the purchase price of said premises, January 1, 1889." The contract also recited that the plaintiff had already paid $500 "as per receipt given."

This agreement has not been performed entirely by either party; but the plaintiff offers to perform, when certain disputes are settled according to equity, and asks the court to compel the defendants to convey to him, then, the property described in it. The defendants deny any failure to perform the agreement on their part, and claim that the plaintiff refused to make the required payments, whereby those made became forfeited as liquidated damages. August 1, 1888, the plaintiff paid the defendants $500.

January 1, 1889, the defendants by their agent demanded of the plaintiff $500 as due on that day. The plaintiff denied that $500 was due on that day, and refused to pay it, because, as he claimed, he was to make only two $500 payments before he had his deed, and that he made the first about April 2, and the other August 1, and also that the purchase-money for the "lot on the hill," which the parties agreed should be $250, should be applied on the $500 payment to be made January 1, and not, as the defendants claimed, on the remainder of the purchase price after deducting three full cash payments of $500 each. The defendants also demanded payment of interest from April 2 to January 1 on the whole purchase-money, less interest on the two payments from the time of their payment to January 1, and that the plaintiff should pay the insurance on the Glynn House from April 2 to January 1, with which demands the plaintiff refused to comply; but he did, some time in the month of January, offer to make the third payment claimed by the defendants, by paying $250 in money and applying the $250 for the lot on the hill, to include interest from April 2 on the purchase-money in the notes for the remainder, and had the means and would have performed the offer had it been accepted by the defendants.

The defendants claim now that time is of the essence of the contract, and that the plaintiff, by refusing to comply with the defendants' request January 1, lost his right to a deed, and forfeited the money paid as liquidated damages. The plaintiff does not assent to this, but insists, if it was so, that the defendants by their conduct waived the same; and the court finds the fact that the defendants did not decline to deed because the time named in the agreement had expired, but for the reason that the contract was not complied with in the particulars before named. These

they insisted upon. The plaintiff acted in good faith, and was honest in the views he entertained of the contract. The plaintiff claimed that the $500 named in the last clause of the agreement should be treated as making the payment of August 1, and that the payment made, in fact, August 1, was made to meet the call in the agreement for $500 to be paid on or before January 1.

February 16, 1889, the defendants brought several writs of entry against the plaintiff to recover possession of their respective shares in the premises. This bill was filed February 27, 1889.

*E. Aldrich,* for the plaintiff.

*O. Ray* and *J. L. Foster,* for the defendants.

ALLEN, J. Specific performance of a contract for the conveyance of land will, ordinarily, be decreed in equity, upon the ground that compensation in damages for the breach of the contract, to be recovered in a suit at law, may not be an adequate remedy to the purchaser, to whom the land may have a peculiar and special value. 1 Sto. Eq. Jur., s. 717; *Eckstein* v. *Downing,* 64 N. H. 248, 258. The decree is granted, if at all, not as a matter of legal right in the party seeking it, but upon equitable consideration of the circumstances of the case and to prevent injustice. *Powers* v. *Hale,* 25 N. H. 145; *Pickering* v. *Pickering,* 38 N. H. 400. The party seeking relief must be free from blame in the matter. If he has not performed his part of the conditions according to the terms of the contract, he must show that his failure to perform was without fault on his part, and that he is now ready and willing and has the means to perform. Although some material condition, as, for instance, payment of a part or all of the consideration, has not been complied with within the time stipulated for, relief will not be refused if time is not of the essence of the contract, and if the plaintiff has not been guilty of laches nor unreasonably delayed bringing his suit. Ordinarily, in contracts for the conveyance of land, time is not regarded as of the essence of the contract in equity (*Barnard* v. *Lee,* and cases cited, 97 Mass. 92), and relief against the lapse of time will not in any case be refused whenever under the circumstances it would be unreasonable and unjust to insist upon a compliance with the conditions within a time stipulated. *Ewins* v. *Gordon,* 49 N. H. 444, 462.

By the contract of the parties in writing and under seal, the defendants agreed to convey the premises in question to the plaintiff for the sum of $5,000, upon the plaintiff's paying $500 on or before August 1, 1888, and $500 on or before January 1, 1889, with an agreement for his immediate possession, and, in case of failure to make the payments as stipulated, to vacate the premises at once and forfeit any amount already paid. On reception of his deed the plaintiff was to give notes of $500 each for the remainder

of the purchase-money, payable in one, two, three, &c., years, with interest annually from date, January 1, 1889, secure the payment by a mortgage of the premises, and insure the buildings for the benefit of the mortgagees to the extent of their interest.

The plaintiff claimed that he had complied with the conditions by him to be performed in the way of payment, and was entitled to his deed January 1, 1889. He had not literally performed the conditions. The $500 which he had paid before the execution of the contract, and which he claimed should be accounted as one of the payments expressly stipulated to be made on or before the first day of January, 1889, could not, having already been made, be a payment to be thereafter made. But the claim was not made for the purpose of gaining time or any undue advantage over the defendants, nor with any intention of avoiding his agreement. It was made in good faith, honestly entertained, and there was no design to evade a strict compliance with the conditions of the contract. He complied with the conditions as he in good faith understood them. After the time fixed in the contract for payment by the plaintiff and conveyance of the premises by the defendants had elapsed, and the disagreement between the parties as to the terms of payment had arisen, in further negotiations, the plaintiff offered to pay the $500, to be made up of $250 in money and $250 which had been agreed upon as the price of a building lot to be retained out of the premises by the defendants, and allowed as a payment on the purchase price of the premises on the first day of January. The defendants did not insist upon a rescission of the contract and a forfeiture of the money already paid because payment had not been made within the time stipulated, but insisted upon the payment of the $500 in money and the allowance of the $250 in reduction of the remainder of the purchase-money for which notes were to be given. They also insisted upon the payment of interest and the cost of insuring the buildings from April 2, the date of the oral bargain, to January 1.

The payment of $500 on or before the first day of January, 1889, was stipulated for in the contract as a condition precedent to receiving the deed; and the plaintiff in his bill does not claim that the condition was met by the payment of the $500 before the contract was executed, but avers that it was paid in part, and that he was ready and willing to pay the whole at the time, but was prevented by the unreasonable exactions of the defendants. The contract provided that the price of the building lot, $250, should be " allowed as a payment for so much on the purchase price of said premises, January 1, 1889." It was not expressed that it should be applied as a payment for so much on the remainder of the purchase price after deducting the several sums of $500 each, stipulated to be paid before that date, but as a payment on that date. Since the last payment provided for might be made on that day, the plaintiff had the right legally and equitably to treat

the $250 allowed for the land retained as a part of the $500 then to be paid. It was not provided in the contract that the plaintiff should obtain and pay for insurance upon the buildings for the defendants' benefit and security until their deed should be given to him; and their claim for the payment of the cost of insurance prior to that time, as a consideration of delivering the deed, cannot be maintained. No mention of any payment of interest is made in the contract except that to be paid annually upon the notes to be given for the purchase-money from the date of January 1, 1889. The payments to be made before or on that date were each of the sum of $500. Having expressly provided for interest upon the unpaid purchase-money from the date of the conveyance, and having made no mention of it for the part not paid before that date, it must be understood that none was intended to be paid for that brief period. The claim of the defendants for the payment of interest upon the purchase price before the date fixed for the conveyance, and as one of the conditions upon which it was to be made, is not upheld.

The plaintiff was prevented from a strict compliance with the conditions of the contract by a mistaken interpretation and a want of a correct understanding of their legal effect. There was no fraud, nor wilful violation of any of the terms of the contract, nor intention to postpone performance or delay payment. The mistake was not wilful, but an honest one, and of a kind against the consequences of which equity will give relief. 1 Pom. Eq. Juris., ss. 451, 455. The defendants did not insist upon a forfeiture because of the plaintiff's failure to perform upon the day named in the contract, nor give notice of an intention to do so, but were ready to execute the conveyance and deliver the deed at a later day if the plaintiff would then comply with their demands, many of which were unwarranted by the contract. The plaintiff in good faith offered, and was ready and willing and had the means to perform, all that was incumbent on him by the terms of the agreement. It does not appear that there has been any increase in the value of the property, nor want of diligence in seeking relief. Under the circumstances of the case a forfeiture of all the plaintiff has paid would be inequitable, and he is entitled to a decree for specific performance.

A decree will be entered, that, upon the plaintiff's paying to the defendants, or bringing into court for the purpose, the sum of $250 with interest from January 1, 1889, and the defendants' expense of insuring the buildings since that time, they shall convey to the plaintiff by warranty deed the premises described in the bill, omitting the building lot on the hill; and at the same time the plaintiff shall make and deliver to the defendants his several promissory notes of $500 each (in all $3,500), payable to the order of the defendants in one, two, and three years, and so on, respectively, from January 1, 1889, with interest annually

from that date, with a mortgage of the premises securing said notes, and shall secure reliable insurance upon the buildings, made payable to the mortgagees to the extent of their interest as additional security. The further prosecution of the defendants' suits for recovering the land is enjoined.

*Decree accordingly.*

BINGHAM, J., did not sit: the others concurred.