Grafton, }
Feb. 7, 1911. }

### GREEN *v.* MERRILL & a.

In the absence of a report of the evidence upon which a decree for specific performance is based, the ruling of the court must stand unless it is apparent that the result was produced by passion, partiality, or corruption, or that the trier of fact unwittingly fell into a plain mistake.

The failure of a purchaser of land to make payments in accordance with his bond for a deed does not work a forfeiture of his rights thereunder, if he was justified in assuming that he would be allowed a reasonable time after the default in which to pay the agreed sum.

BILL IN EQUITY, for specific performance. Transferred from the January term, 1910, of the superior court by *Pike*, J., on the defendants' exception to a decree for the plaintiff.

*Burleigh & Adams* and *Smith & Smith*, for the plaintiff.

*Alvin F. Wentworth* and *Martin & Howe*, for the defendants.

WALKER, J. The ground upon which the plaintiff seeks relief is that the Merrills refuse to convey to him certain land in accordance with the terms of a bond which they gave him October 2, 1905. It was therein provided that the plaintiff should pay the defendants $550 for the land in instalments, $100 at the date of the bond and $100 each year thereafter until the agreed sum with interest should be paid in full, when the Merrills were to convey the land to the plaintiff by deed. The plaintiff thereupon went into possession of the premises and paid the first two instalments. He did not pay the third instalment when it became due, nor the fourth, and on November 14, 1908, the Merrills notified him that if he wanted

the property he must pay the balance of $350 and interest. No time was mentioned for the payment. Subsequently the plaintiff suggested that the Merrills convey the land to his son, upon the latter's paying the amount due, and some negotiations were carried on for this purpose; but before they were completed, the Merrills, on January 21, 1909, conveyed the land to the defendant Sawyer, and in a few days he conveyed it to the defendant Colligan. In April, 1909, the plaintiff made a tender of the unpaid payments and interest and demanded a deed, which was refused. Both Sawyer and Colligan knew of the bond and that the plaintiff was in possession. The defendants excepted to the refusal of the court to dismiss the bill. The court entered a decree for the plaintiff.

Upon the facts no serious question of law is presented. Much of the defendants' argument is based upon an assumed absence of evidence to support the facts found by the court; but as all the evidence is not reported, it would obviously be useless to consider the case in that way. The ruling of the court must stand unless it appears that "the result was produced by passion, partiality, or corruption, or that the trier of fact unwittingly fell into a plain mistake." Norris v. Clark, 72 N. H. 442, 444. The case discloses no reason why the court, in the exercise of a judicial discretion, erred in finding that the plaintiff ought to be relieved by a decree for specific performance. Though he did not pay the third or the fourth instalment when they became due, his rights under the bond were not thereby forfeited. Time was not of the essence of the contract. Ewins v. Gordon, 49 N. H. 444. Nor did the Merrills notify him that they would claim a forfeiture at any particular time if the payments were not then made, and the court finds that he did not so understand their disposition. In effect, the court found that he was justified under the circumstances in acting upon the assumption that the Merrills were willing to allow him a reasonable time after the defaulted payments to pay them the agreed price. It would therefore be inequitable to permit them to insist upon a forfeiture which their conduct indicated they did not intend to claim, and which the plaintiff understood they would not claim without previous notice. As above suggested, the finding of the court that equity requires a decree in favor of the plaintiff is substantially a finding of fact which does not appear to be erroneous as a matter of law. Nor does it appear that Sawyer and Colligan stand any better under their deeds than the Merrills,

since they knew of the bond of the plaintiff and were put upon inquiry as to his claim.

The fact that it was alleged in the bill that the parties made a new parol contract after the date of the bond, by which the plaintiff was to receive a deed of the land at once and give the Merrills a mortgage back, cannot be deemed an admission that the bond was thereby cancelled, in view of the fact that the bill was amended by omitting that allegation and that the case was not tried upon that theory.   The suggestion does not merit serious consideration.

*Exception overruled.*

All concurred.