Hillsborough,⎰ No. 4003.
Mar. 6, 1951.⎱

CLOVER CUTTING DIE CO. INC. *v.* SAM SMITH SHOE CORP.

492

*J. Morton Rosenblum* (by brief and orally), for the plaintiff.

*Hughes & Burns* (*Mr. Donald R. Bryant* orally), for the defendant.

BLANDIN, J. The plaintiff claims first, there was no evidence of an implied warranty of fitness, second, if such warranty existed that the defendant did not sustain its burden of proving a breach and lastly that the amount of the verdict is unwarranted. We believe these contentions cannot be sustained and that the verdict must be upheld. The record shows there was only one purpose for which these dies were to be used, that such purpose was obvious and known to the trade and the parties. The defendant in ordering the dies specified only their size and shape. The method of manufacture, the material and the delicate task of tooling an edge which would cut the leather or lining without sticking in the block were left entirely to the plaintiff. The facts differ materially from those in *Gregg* v. *Company*, 69 N. H. 247, relied upon by the plaintiff where as the Court said (page 249) "The plaintiffs directed the size and method of constructing the belt. They relied upon their own judgment, not upon that of the manufacturers." The defendant was not a die maker but only a buyer of this highly specialized product from the plaintiff upon whose skill and judgment it had to rely. Under all the circumstances we believe the Court's holding that an implied warranty of fitness existed was sound. R. L., c. 200, s. 15, *par.* I.

It also appears on all the evidence that the defendant has sustained its burden of showing a breach of the implied warranty. The record shows that the same type of die bought from other manufacturers, used by the same person on similar material and under like circumstances cut satisfactorily. The testimony suggests that if dies are either too sharp or too dull they are unfit for cutting. There was evidence that the plaintiff on several occasions took the dies back to its factory to sharpen or otherwise fix them. We believe upon all the facts the Court could properly find a breach of the implied warranty of fitness.

The plaintiff's final contention is that the amount of the verdict cannot be reconciled with the proof. There was conflicting evidence regarding the shipments and types of dies in question and the Court was at liberty to accept or reject all or any portion of the parties' claims regarding these items. *Giguere* v. *Railroad*, 86 N. H. 294, 298. The questions of interest and delivery charges were also involved. There were no requests for findings and it is not necessary for the defendant to be able to point out the exact method by which the Court reached its verdict since it cannot be said that it is not in accordance with the evidence. See *Young* v. *Dow*, 93 N. H. 210, 212. It follows the plaintiff's exception must be overruled and the order is

*Judgment on the verdict.*

JOHNSTON, C. J., was absent: the others concurred.