NORTH HAMPTON SCHOOL DISTRICT

*v.*

NORTH HAMPTON CONGREGATIONAL SOCIETY.

*John W. Perkins* and *Everett P. Holland* (*Mr. Perkins* orally), for the plaintiff.

*Charles M. Dale* and *Ray E. Burkett* (*Mr. Burkett* orally), for the defendant.

LAMPRON, J.   The main issue to be decided is the nature of the estate held by the plaintiff by virtue of the above deed.   The defendant maintains that the proviso "so long as said lot shall be used as a lot for a school house lot as aforesaid" applies to the grant with the result that plaintiff acquired a determinable or qualified fee.   The plaintiff on the other hand contends that said proviso applies only to the covenant of warranty and that consequently it acquired by said deed a fee simple, the proviso at most impressing a trust thereon, the purpose of which is set out by it.

In proceeding to construe this deed "it is the duty of the court to place itself as nearly as possible in the situation of the parties at the time the instrument was made, that it may gather their intention from the language used, viewed in the light of the surrounding circumstances." *Weed* v. *Woods*, 71 N. H. 581, 583; *Therrien* v. *Therrien*, 94 N. H. 66, 67.

Although the language used in the deed is not decisive of the issue of what type of estate is created thereby (*Therrien* v. *Therrien supra*) it is of importance in arriving at the manifest intention of the parties which is the determinative factor.   *Hogan* v. *Lebel*, 95 N. H. 95, 97; *Gagnon* v. *Pronovost*, 96 N. H. 154, 159.   The words "so long as" used here, as well as "while," "until" and "during" are

the usual and apt words to create a limited estate such as a determinable fee which estate is recognized in this jurisdiction. *Chapin and Wife* v. *School District*, 35 N. H. 445, 450. *Reed* v. *Hatch*, 55 N. H. 327, 338; *Weed* v. *Woods, supra,* 584; *Lyford* v. *Laconia*, 75 N. H. 220, 225.

Plaintiff argues, however, that because this proviso comes at the end of the warranty clause instead of being in the granting or habendum clauses that it was intended merely to limit the warranty to the school district for use as a schoolhouse lot and that this was the only purpose of this limitation.

Viewing the language used "in the light of the surrounding circumstances" (*Weed* v. *Woods, supra*) the fact that this court on March 11, 1875, eight months previous to the execution of the deed in question, in the case of *Reed* v. *Hatch, supra,* held that a proviso substantially in the same language and placed in the identical part of the deed was not restricted to the covenant of warranty but must be applied to the grant, thus creating a qualified fee, is of the utmost importance in arriving at the intent of the parties in the case before us. As indicative of the intention of the draftsman to create an estate similar to that in the *Reed* case is the fact that there had been some discussion in that case of the fact that the limiting proviso although it followed a period after the last covenant of warranty neverthelsss began with a small letter instead of a capital as would be the usual custom. The deed in this case contains a comma instead of a period after the last covenant of warranty thereby making the proviso which begins with a small letter more in conformity with the usual use of the English language.

It is our opinion therefore that the plaintiff's predecessor in title by the deed it received from defendant obtained a determinable fee which terminated when the plaintiff decided not to use said lot as a schoolhouse lot. When that event occurred the fee reverted to the defendant which holds title to it free from any claim of the plaintiff. *Lyford* v. *Laconia, supra,* 225.

The building thereon, Centennial Hall, was erected while the plaintiff was the owner of said land. The record reveals nothing which would prevent it from becoming part of the realty. It also became the property of the defendant free from all claims of the plaintiff when it ceased to use said lot as a schoolhouse lot.

*Case discharged.*

All concurred.