Carroll,
No. 4660.

FRANK A. RICHARDSON *v.* RUDOLPH A. SIBLEY.

Submitted June 4, 1958.

Decided July 1, 1958.

*James J. Kalled* for the plaintiff.

*Eliot U. Wyman* for the defendant.

KENISON, C. J.   In the previous transfer of this case it was decided that the prospective purchasers were not entitled to specific performance since the consent of the housekeeper, Mrs. Colbath, was a condition precedent to the defendant's obligation to convey the property.  *Langdon v. Sibley,* 100 N. H. 373.  That case is not necessarily determinative of the right of the broker to recover his

commission. Anno. 169 A. L. R. 605; *Parker* v. *Estabrook,* 68 N. H. 349.

A real estate broker is entitled to his commission if he is the effective cause of procuring a customer willing and able to buy upon the terms proposed by the owner. *Philbrick* v. *Chase,* 95 N. H. 82; Restatement, Agency, s. 448; *comment* a; *Wilson* v. *Atwood,* 81 N. H. 61, 62. It is not seriously disputed that the plaintiff produced a customer able and willing to buy at the price stipulated by the defendant. The defense is grounded on the proposition that the consent of the third party was not obtained, which was one of the terms of the sale, and more particularly on the proposition that the plaintiff was not the agent of the defendant. On this latter point the evidence discloses that the parties never discussed agency or commissions. The defendant testified that he thought the plaintiff was working for the prospective purchasers and not for him, and that he did not intend that the plaintiff was to act as his real estate broker. This testimony did not have to be believed by the Trial Court but it was not incredible as a matter of law, and the trier of fact was entitled to give it such weight as he saw fit. *Hines* v. *Donovan,* 101 N. H. 239; *Williams* v. *Walker,* 95 N. H. 231; A Survey of the Law of Real Estate Brokerage Contracts in New England, 36 B. U. L. Rev. 285. There was also evidence that the prospective purchaser and the plaintiff formed a corporation engaging in real estate business in the winter of 1955. But this evidence has not been referred to by counsel in their arguments, and we have not considered it decisive here.

The plaintiff, in his carefully prepared brief, has advanced several theories upon which he should be allowed to recover his commission in this case. However, an indispensable basis for any theory of recovery is a finding that the plaintiff was acting as agent for the defendant. *Russo* v. *Slawsby,* 84 N. H. 89. "An agency relationship exists only if there has been a manifestation by the principal to the agent that the agent may act on his account, and consent by the agent so to act." Restatement, Agency, s. 15. The plaintiff could not have been nonsuited in this case in view of his testimony that he was acting as agent. The contrary evidence of the defendant presented an issue of fact for the Trial Court. If the defendant's evidence is accepted as true the real estate broker was not the defendant's agent, and the decree for the defendant is supported by the record. *Toohey* v. *Davis,* 85 N. H. 80. It is therefore unnecessary to consider the argument that the

defendant had waived the necessity of obtaining the consent of Mrs. Colbath to the sale.

*Exception overruled.*

All concurred.