Carl LALIM, Plaintiff and Respondent,

v.

WILLIAMS COUNTY, North Dakota, a public corporation; State of North Dakota; North Dakota State Highway Department, and all other persons unknown claiming any estate or interest in or lien or encumbrance upon the property described in the complaint, Defendants and Appellants.

No. 7898.

Supreme Court of North Dakota.

Oct. 3, 1960.

Bjella, Jestrab, Neff & Pippin and Walter O. Burk, Williston, for plaintiff and respondent.

Leslie R. Burgum, Atty. Gen., Francis A. Breidenbach and Vernon R. Pederson, Asst. Attys. Gen., for State of North Dakota and North Dakota State Highway Department.

M. R. McIntee, State's Atty., and Edwin O. Sjaastad, Asst. State's Atty., Williston, for Williams County.

MORRIS, Judge.

This litigation was initiated as an action to quiet title to a 40-acre and an 80-acre tract of land to which the plaintiff contends he owns the fee simple title subject to certain easements for highway purposes. Williams County answered and counterclaimed, alleging that it was vested with a fee simple title to two 7-foot strips of land lying within the two tracts and described as follows:

"a. A strip of land lying in the SW¼ SW¼ of Section 23, Township 158 North, Range 95 West, said strip being described as follows: A strip of land 40 feet wide lying East of, adjacent to and extending along the entire West line of said SW¼SW¼ of Section 23, excepting all that portion lying within 33 feet of the section line. Tract contains 0.21 acres, more or less.

b. A strip of land lying in the W½ NW¼ of Section 26, Township 158 North, Range 95 West, said strip being described as follows: A strip of land 40 feet wide lying East of, adjacent to and extending along the entire West line of said W½NW¼ of Section 26, excepting all that portion lying within 33 feet of the section line. Tract contains 0.42 acres, more or less."

The county further alleges that it is owner in fee, subject to an easement of the State of North Dakota, including all of the minerals, oil and gas interests in the strips of land lying within 33 feet of the section line set forth as exceptions in the above description, by virtue of being the abutting owner of the 7-foot strips. The plaintiff replied to the answer and counterclaim of Williams County denying the county's title to any of the oil, gas and other minerals in or underlying the tracts in controversy.

The defendants North Dakota and State Highway Department also answered and claimed ownership in fee of the tracts above described and other lands, the latter not being in controversy on this appeal. The trial court directed the entry of judgment decreeing that the plaintiff is the owner in fee simple absolute of all of the oil, gas and other minerals in and under the Southwest Quarter of the Southwest Quarter of Section 23 and the West Half of the Northwest Quarter of Section 26, Township 158 North, Range 95 West, Williams County, North Dakota, and that Williams County, the State of North Dakota and the North Dakota Highway Department, and each of them, have no interest in or to any of the oil, gas and other minerals under these lands. The county, the state and the highway department appeal from the judgment. The case is here for trial de novo.

On July 10, 1925 Gladys R. Ryan acquired title to the 40 and 80 acre tracts by sheriff's deed. On April 10, 1935 Gladys R. Ryan and L. S. Ryan, her husband, executed and acknowledged a warranty deed purporting to grant, bargain, sell and convey to Williams County, its successors and assigns forever,

"all that tract or parcel of land and real estate lying and being in the County of Williams and State of North Dakota, described as follows, towit:

"F.A.P. 423 Parcel No. 34. A strip of land lying in the SW¼SW¼ of Sec. 23, Township 158 N., Rge. 95 W., said strip being described as follows: A strip of land 40 ft. wide lying East of, adjacent to and extending along the entire West line of said SW¼ SW¼ Sec. 23, excepting all that portion lying within 33 ft. of the section line. Tract contains 0.21 acres, more or less, and is shown on plat as shaded area.

"F.A.P. 423 Parcel No. 36. A strip of land lying in the W½NW¼ of Sec. 26, Township 158 N., Rge. 95 W., said strip being described as follows: A strip of land 40 ft. wide lying East of, adjacent to and extending along the entire West line of said W½NW¼ Sec. 26, excepting all that portion lying within 33 ft. of the section line. Tract

contains 0.42 acres, more or less, and is shown on plat as shaded area."

The deed also contains these provisions:

"To Have and to Hold the Same, Together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining, to the said party of the second part, its successors and assigns, Forever. And the said Gladys R. Ryan and L. S. Ryan, parties of the first part, for their heirs, executors and administrators, do covenant with the party of the second part, its heirs and assigns, that they are well seized in fee of land, real estate and premises aforesaid, and have good right to sell and convey the same in manner and form aforesaid; * * *."

The plat referred to in the deed was filed for record in the office of the register of deeds of Williams County June 27, 1932. The record shows that it was a blueprint "right of way plat" prepared by the North Dakota State Highway Commission for F.A.P. (Federal Aid Project) Number 423. It contains the identical descriptions of Parcels No. 34 and No. 36 as are set forth in the deed.

On January 14, 1946 Gladys R. Ryan and her husband gave a quitclaim deed to Carl Lalim, the plaintiff herein, covering the Southwest Quarter of the Southwest Quarter of Section 23, and the West Half of the Northwest Quarter of Section 26, Township 158, Range 95. There were no exceptions or reservations in this deed.

Upon the trial of the action it was stipulated between the parties that the sole issues to be determined were the ownership of the minerals, including oil and gas, in and under the 7-foot strips of land purported to be conveyed by the deed from the Ryans to Williams County, and also the minerals, including oil and gas, in and under the 33-foot strips lying between the land conveyed and the adjacent section lines. It will be noted that the latter strips are described as exceptions in the deed.

It is contended by Williams County, the State of North Dakota and the State Highway Department that the deed conveys to Williams County for the use and benefit of the State the 7-foot strips of land in fee simple and that the 33-foot strips being subject to easements in favor of the State and the people of North Dakota for a public highway along the section line, the county became the fee simple owner of the land beneath the easements by virtue of its title to the adjacent 7-foot strips.

It is contended by the plaintiff that the deed must be considered in connection with the right of way plat and must be construed to convey only the surface, but that if the deed did convey any interest in minerals, oil and gas under the land involved, that such interest was reconveyed to him by Sections 24-0128 and 32-15032, 1957 Supplement to NDRC 1943. The defendants Williams County, State of North Dakota and State Highway Department contend, on the other hand, that these sections as applied to the facts in this case are unconstitutional as making a gift of an interest in publicly owned lands, thereby making a donation of property of the state or county in violation of Section 185 of the North Dakota Constitution and in violation of Section 20 of the Constitution in granting special privileges to a class of citizens.

We first consider the title to the 33-foot strips. They lie beneath the established highway.

"* * * there can be no question but that no proceedings are necessary to establish a highway on a section line. In other words, we believe that the territorial Legislature (Chapter 33 Laws Dakota Territory 1871) by accepting the federal grant (U.S.Rev.St. § 2477; Comp.St. § 4919) established a system of highways upon all the section lines in the state, as far as it is practicable to use them for highway purposes." Huffman v. Board of Supervisors, West Bay Township, Ben-

son County, 47 N.D. 217, 182 N.W. 459, 461.

The legislature has declared that outside of the limits of incorporated cities and villages congressional section lines shall be considered public roads to be open to the width of two rods on each side of such lines. Section 24–0703, NDRC 1943. It is clear that at the time the deed was given a public highway already existed along and for two rods on each side of the section lines. The right of the public was in the nature of an easement for a right of way which was first vested in the Territory of Dakota and later in its successor, the State of North Dakota, and held in trust for the benefit of the public. 25 Am.Jur., Highways, Secs. 133, 134; 39 C.J.S. Highways § 136. The adjacent landowner continued to be the owner of the fee subject to the easement on behalf of the public. Rutten v. Wood, 79 N.D. 436, 57 N.W.2d 112; Wallentinson v. Williams County, N.D., 101 N.W.2d 571.

Gladys R. Ryan was the owner of the fee title to the 33-foot strips adjacent to the section line. When she and her husband on April 10, 1935 deeded the two parcels, 34 and 36, to Williams County, title to the 33 feet lying adjacent to the section line was excepted from the deed and the fee retained in the grantor as a part of the larger tracts which she later deeded to the plaintiff, Carl Lalim.

■ We now turn our attention to the title conveyed by the deed to the 7-foot strip lying adjacent to the 33 feet that were excepted. This deed was dated and acknowledged April 10, 1935. A presumption therefore arises that it was delivered on that date. 16 Am.Jur., Deeds, Sec. 387; 26A C.J.S. Deeds § 185. There is no evidence to the contrary in the record. While we do not deem it of controlling importance here, we would point out that at the time title was acquired Chapter 121, Session Laws N.D.1935, entitled "An Act authorizing the County Commissioners to purchase and condemn right of ways," was not in effect. The record discloses no act, by the county or the legislature, transferring title to this property from Williams County to the State of North Dakota or its State Highway Department or constituting Williams County an agent of either to secure such title. We can only conclude that Williams County acquired title under its general powers as a political subdivision.

It is vigorously argued that this case is controlled by Wallentinson v. Williams County, N.D., 101 N.W.2d 571, which involved the taking of title by the State Highway Commission of land for the purposes of a right of way pursuant to the provisions of Chapter 159, Session Laws N.D.1927, as amended by Chapter 128, Session Laws N.D.1933, a comprehensive and somewhat incomprehensible statute creating the Department of State Highways and defining its powers, including the power on behalf of the State to purchase, acquire, take over or condemn under the power of eminent domain for the State certain lands for public use. That statute contained a further provision for the vacation of land taken or acquired for highway purposes under the provisions of the act and revesting the title in the persons, their heirs, successors or assigns, in whom title was vested at the time of taking. We held that the fee acquired to land taken by condemnation proceedings pursuant to that act is a limited, qualified or determinable fee. In the case before us the title was not taken pursuant to that act or any of its provisions. Our decision in the Wallentinson case has no application here.

■ The deed from the Ryans to Williams County is on its face a grant.

"A fee simple title is presumed to be intended to pass by a grant of real property unless it appears from the grant that a lesser estate was intended." Section 47–1013, NDRC 1943.

This is not a conclusive presumption. We examine the deed to determine whether or not the parties intended that the deed should pass a fee simple title or a lesser

estate. In doing so we first look to the face of the deed itself which discloses that it conveys strips of land seven feet wide lying adjacent to an easement for highway purposes along section lines and over land to which the grantors owned the fee simple title, which the grantors excepted and retained. The deed further shows that the strips of land constitute two parcels which are part of a federal aid project and that the parcels are shown on a plat. The plat was already of record in the office of the register of deeds when the deed was given. Reference to that record indicates that it was a blueprint right of way plat containing the identical descriptions of the two parcels that are set forth in the deed and shows that the two 7-foot strips were additions to the right of way for the highway already established along the section lines. Thus the deed and the plat to which it refers fairly give rise to the question as to whether the parties, and particularly the grantors, intended to convey a fee simple title to the 7-foot strips or merely an easement like and in addition to that already established and used for highway purposes. Under such circumstances the estate or interest conveyed by the deed must be determined primarily, in the absence of intervening rights of innocent parties, by the intention of the parties to the deed if such intention can be ascertained.

Our study of cases from many jurisdictions leads us to the conclusion that recent decisions tend to warrant a more liberal construction of the interpretation of deeds to the end that the real intention of the parties to an ambiguous instrument, when it can be clearly ascertained, will prevail as to the estate conveyed over the technical meaning of the words used. See Annotation, Deed-Conflict-Estate Conveyed, 58 A.L.R.2d 1393, 1412.

In Magnolia Petroleum Company v. West, 374 Ill. 516, 30 N.E.2d 24, 26, 136 A.L.R. 372, the court said:

"The primary purpose of the construction of a deed is to ascertain the intention of the parties, to be gathered from the instrument as a whole, giving effect to every word and rejecting none as meaningless or repugnant, if this can be done without violating a positive rule of law. Woods v. Seymour, 350 Ill. 493, 183 N.E. 458; Lehndorf v. Cope, 122 Ill. 317, 13 N.E. 505. The words need not be construed literally or strictly, since greater regard is accorded to the real intention as manifested in the entire deed than to any particular word or arrangement in its expression. Kearney v. Kirkland, 279 Ill. 516, 117 N.E. 100; McCoy v. Fahrney, 182 Ill. 60, 55 N.E. 61. In order to understand the language in the sense intended by the parties, the court will consider the facts they had in mind, including their situation, the state of the property and the objects to be obtained."

Among the more recent cases holding that a deed must be interpreted to further the intention of the parties in the light of the subject matter, the object to be obtained, and the circumstances and conditions existing when the deed was executed, we find North Hampton School District v. North Hampton Congregational Society, 97 N.H. 219, 84 A.2d 833; Smith v. Grubb, 402 Ill. 451, 84 N.E.2d 421; Switzer v. Pratt, 237 Iowa 788, 23 N.W.2d 837; Kennedy v. Monroe, 165 Kan. 168, 193 P.2d 220; Eastham v. Church, 310 Ky. 93, 219 S.W.2d 406; Holda v. Pittsburgh Forgings Co., 325 Mich. 682, 39 N.W.2d 221; Ervin v. Davis, 355 Mo. 951, 199 S.W.2d 366.

In view of the fact that the grantee in this deed was the county, and the title being obtained was for highway purposes, some consideration in determining the intention of the parties may be given to the fact that it is the general rule that the right acquired by the public in land for highway purposes is ordinarily an easement for passage and rights incidental thereto rather than a fee title. 25 Am.Jur., Highways, Sec. 134; 39 C.J.S. Highways § 136.

Consistent with this rule is Section 47–1010, NDRC 1943 (amended by Chapter 309, Session Laws N.D.1957, in a manner unimportant to this case), which provided:

"A transfer of land bounded by a highway passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof unless a different intent appears from the grant."

Of interest also in connection with a consideration of the intent of the parties to the deed to Williams County are our statutes dealing with the right of eminent domain. Section 32–1502, NDRC 1943, enumerates public uses in behalf of which the right of eminent domain may be exercised. In paragraph 3 of that section we find that it may be exercised for "roads, streets, and alleys, and all other uses for the benefit of any county, city, park district, or village, or the inhabitants thereof, which may be authorized by the legislative assembly, * *." At the time the property in question was obtained by Williams County, Section 32–1503, NDRC 1943, provided:

"The following is a classification of the estates and rights in lands subject to be taken for public use: 1. A fee simple, when taken for public buildings or grounds, or for permanent buildings, or reservoirs and dams and permanent flooding occasioned thereby, or for an outlet for a flow or a place for the deposit of debris or tailings of a mine; 2. An easement, when taken for any other use; 3. The right of entry upon and occupation of lands and the right to take therefrom such earth, gravel, stones, trees, and timber as may be necessary for a public use."

Chapter 267, Session Laws N.D.1959, amended paragraph 2 of the above quotation to read:

"An easement, when taken for any other use except, upon a proper allegation of the need therefor, the court shall have the power to order that a fee simple be taken for such other use; * * *."

It seems clear to us that had the 7-foot strips been taken under the power of eminent domain the county would have acquired an easement rather than a fee simple title.

■ Lest it be argued that the use of the word "land" in the granting clause of the deed indicates an intention to grant a fee title to the grantee, we would point out that the word "land" is not, in itself, an unambiguous term. In the definition of the term in Black's Law Dictionary, Fourth Edition, we find that " 'Land' may include any estate or interest in lands, either legal or equitable, easements, incorporeal hereditaments."

According to Tiffany Real Property, Third Edition, Volume 4, Section 981:

"Frequently it is said that a deed will be considered as a whole, so that effect may be given, if possible, to all of its provisions, and by this means occasionally the effectiveness of all other so-called rules of construction is limited or abrogated. Such a view seems well to accord with modern theories of the law of evidence, the tendency of which is to seek for the real or actual meaning of particular words or phrases or combinations thereof as used in particular instruments."

■ We reach the conclusion that the deed to Williams County when considered with the plat to which it refers is sufficiently ambiguous to permit of judicial construction. The purpose of the conveyance was to widen by seven feet the right of way for a highway over the grantors' land, which right of way consisted of an easement over strips of land 33 feet wide lying adjacent to section lines, to which strips the grantors owned the fee title as a part of their title to larger tracts adjacent to the highway. The deed by its terms excepts the fee title of the 33-foot strips. If con-

strued to convey a fee title to the 7-foot strips, they would completely divide the grantors' fee to the 33-foot strips from their fee title to the larger tracts of which all of the strips were originally a part. If the grantors had not deeded the 7-foot strips to the county, the county could have obtained only an easement for a right of way for highway over those strips, and under the circumstances it may be assumed that the county obtained the deed in lieu of acquiring title by eminent domain proceedings. Whitworth v. Mississippi State Highway Commission, 203 Miss. 94, 33 So.2d 612. The purpose of acquiring title to the 7-foot strips was to permit the widening of an already existing highway. That purpose is fully effectuated by acquiring the same kind of title that already existed in the right of way for the highway that had been established. It is therefore our determination that the deed in question conveyed to the county an easement for highway purposes and that the fee title remained in the grantors. The judgment appealed from is affirmed.

SATHRE, C. J., and BURKE, TEIGEN and STRUTZ, JJ., concur.