Strafford,
No. 5903.

PAUL F. LESTER *v.* BARBARA C. LESTER.

Argued April 2, 1969.

Decided April 30, 1969.

*Calderwood, Silverman & Ouellette* and *William B. Cullimore* (*Mr. Cullimore* orally), for the libelant.

*Clyde R. Coolidge* (by brief and orally), for the libelee.

PER CURIAM. This is a petition by Barbara C. Lester to vacate a divorce decreed to Paul F. Lester by the Strafford County Superior Court on June 5, 1962. The libel for divorce was filed on July 10, 1961 and heard on its merits on February 20, 1962. A further hearing was held on May 1, 1962 and the divorce decreed on June 5, 1962. *Leahy,* J. presided at both of these hearings and issued the decree of divorce. The petition to vacate was filed August 22, 1967 and heard by *Flynn,* J. on

September 16, 1968. The petition to vacate was denied by *Flynn*, J. who reserved and transferred petitioner's exception.

Barbara and Paul Lester were married on November 22, 1956 and have one child Peter M. Lester. They separated in March of 1959 and in 1960 Barbara brought a petition for separate maintenance alleging refusal to cohabit which, if it continued, would be grounds for divorce. On July 10, 1961 Paul Lester brought a libel for divorce alleging abandonment and refusal to cohabit since March of 1959. Numerous hearings on support, custody and visitation rights were held between October of 1960 and the hearing on the merits held on February 20, 1962. During this period Barbara was represented by three different counsel, all of whom withdrew, and she appeared *pro se* at the hearings of February 20, 1962 and May 1, 1962. Neither party had remarried prior to the bringing of this petition to vacate the decree on September 16, 1968.

The Trial Court allowed wide latitude in the introduction of evidence at the hearing on the petition to vacate the decree. While a decree of divorce may be vacated for fraud (*Bussey* v. *Bussey*, 94 N. H. 328) the "proof of fraud of a grave character ought to be clear." *Adams* v. *Adams*, 51 N. H. 388, 400. No evidence was offered that would have justified the Trial Court finding fraud in the present case. The questions presented to the Trial Court related to the sufficiency of the pleadings and sufficiency of the evidence to support the decree, ordinarily matters which should be raised in the original proceedings. In view of the history of this litigation and the allegation that Barbara Lester had only now been able to procure counsel satisfactory to her requirements we cannot say that the Trial Court was in error in examining these questions.

We find no error in the Trial Court's denial of the petition. The objection that the original libel did not properly state a cause for divorce is not decisive. The libel was sufficient to inform of the nature of the dispute and to "enable the Court to decide the controversy on its merits." See *Kotarba* v. *Kotarba*, 97 N. H. 252, 254; *Buck* v. *Buck*, 97 N. H. 178. Any objections to the pleadings could be cured by amendment. See *Tuttle* v. *Tuttle*, 89 N. H. 219.

There was evidence to support the findings of the Trial Court in granting the divorce. The Court could properly find that there was abandonment and refusal to cohabit from the testimony of both parties at the hearing of February 20, 1962. The

belief or disbelief of parties and witnesses is solely the prerogative of the Trial Court. *Callaghan* v. *Callaghan,* 108 N. H. 264; *Ballou* v. *Ballou,* 95 N. H. 105; *Franklyn* v. *Franklyn,* 93 N. H. 90.

*Exceptions overruled.*

LAMPRON, J., did not sit.