Rockingham,
No. 5985.

KEVIN GUY d/b/a THE KEVIN GUY AGENCY

*v.*

EVERETT M. HANLEY
BILLIE LOUISE HANLEY

RAYMOND A. SAMPLAWSKI
MARIE L. SAMPLAWSKI

*v.*

SAME.

April 5, 1971

*Flynn, Powell & McGuirk,* for the plaintiffs, furnished no brief.

*Douglas R. Gray,* by brief, for the defendants.

PER CURIAM. This is an action at law by the plaintiff Kevin Guy, seeking to recover a commission for the sale of real estate, against Everett M. and Billie Louise Hanley, defendants. There is also a bill in equity seeking specific performance of a contract for the sale of this real estate by the plaintiffs Raymond A. and Marie L. Samplawski against the same defendants. The cases were heard by a Master ( *Richard H. Keefe,* Esq. ) who recommended a verdict for $858 for the plaintiff Guy; that specific performance be decreed in favor of the plaintiffs

Samplawski; that the defendants "be ordered to forthwith convey the property to the Petitioners [provided title is marketable]"; and that the taxes be prorated as of the date of the sale. The defendants' exceptions to approval of the master's report were reserved and transferred by *Keller*, J.

The master filed the following report: "*Findings of Facts.* The Plaintiff and the Defendants entered into an exclusive listing authorization agreement on May 20, 1968 for the sale of certain real estate at 405 Brackett Road, Rye, New Hampshire, by the terms of which the Plaintiff was to be paid 6% commission on the actual sale price of the real estate, if a purchaser was obtained, said listing to continue until August 20, 1968. On July 22, 1968, through the efforts of the Plaintiff, the Petitioners and Petitionees entered into a sales agreement to buy and sell the said real estate for the price of $14,300.00, at which time a down payment of $200.00 was made by the Petitioners, said transfer of title to be made on or before August 30, 1968.

"On July 28, the Petitioners applied to the Portsmouth Trust Company for a FHA loan. On August 28, 1968, the authority for the loan was granted by FHA and notice received at the Portsmouth Trust Company on August 29, 1968.

"The mortgage officer called the Plaintiff, Petitioners and Petitionees on August 29 and advised them as to the granting of the loan. This was confirmed by a letter on August 30, 1968. The Petitioners had previously advised the bank that Arthur Reinhart, Esq. was to represent them at the closing. As is the case in all transactions at the Portsmouth Trust Company, the parties obtained their own counsel to prepare the deed, the mortgage, note and the abstract of title. The Petitioners' attorney contacted Everett M. Hanley by phone on August 30 and requested that he be furnished a copy of his deed so that the abstract of title and mortgage deed could be prepared. The weekend of August 30 was Labor Day weekend. On Tuesday, September 3, Attorney Reinhart personally contacted Everett Hanley and requested the deed and was advised that Hanley would get it to him but he never did. The ensuing week the Petitionees contacted a real estate agent relative to the possible purchase of another home. On or about September 10, the Petitionees gave notice to the Plaintiff that they could not find a home and that they 'were taking the property off the market.'

" *Findings & Rulings of Law.* The referee and master finds that both the Exclusive Listing Authorization Contract and the Sales Agreement Contract were legally enforceable contracts; that the Plaintiffs procured a purchaser ready and willing and able to buy Defendants' real estate; that the Petitioners were ready, willing and able to perform his ( sic ) part of the contract on or before August 30, 1968, subject however to the abstract of title and the preparation of the mortgage deed; that the Petitionees were not ready nor prepared to sell the property on or before August 30, 1968, and had not even contacted an attorney or done anything to procure the deed for the transfer of title; that time was not of the essence of the sales agreement contract and that under the circumstances the performance of the contract within the stipulated time could not be insisted upon by the Petitionees especially when they were at fault. "

The basic issue, as stated in the defendants' brief, is whether the record supports the findings and rulings, with emphasis specifically placed on the question whether time was of the essence of the contract for the sale of real estate. The agreement itself, which is on a standard printed form, in regard to the question of time, read: " *Transfer of Title:* On or before August 30, 1968. " The problem is one of the intent of the parties, to be determined in the light of the instrument itself and all the surrounding circumstances ( *North Hampton District* v. *Society,* 97 N.H. 219, 84 A.2d 833 ( 1951 )), including the words, actions and practical interpretation of the agreement by the parties themselves. *Essex Co.* v. *Gibson,* 82 N.H. 139, 130 A. 846 ( 1925 ); *Kalman* v. *Hutcheson,* 111 N.H. 36, 276 A.2d 260 ( 1971 ). *See also Bogasian* v. *Fine,* 99 N.H. 340, 111 A.2d 190 ( 1955 ).

The general rule is that unless specifically so stated, time is not to be considered as of the essence. *Pierce* v. *Morse,* 65 N.H. 196, 198, 18 A. 792, 793 ( 1889 ); *Ewins* v. *Gordon,* 49 N.H. 444, 459 ( 1870 ); *Knable* v. *Bradley,* 430 Pa. 153, 242 A.2d 224 ( 1968 ); 91 C.J.S. Vendor and Purchaser *s.* 104 ( a ) ( 1955 ); 55 Am. Jur. Vendor and Purchaser *ss.* 110-12 ( 1946 ). The mere fact that a date is stated in the instrument is not sufficient alone to alter this rule. *Green* v. *Merrill,* 76 N.H. 50, 79 A. 22 ( 1911 ); *Chapman* v. *Thomas,* 211 Md. 102, 126 A.2d 579 ( 1956 ). *See also Carsek Corp.* v. *Stephen Schifter, Inc.,* 431 Pa. 550, 246 A.2d 365 ( 1968 ); 91 C.J.S. *supra, s.* 104

( 1955 ). In addition to applying this rule, the master could consider that the defendant Everett Hanley, as late as September 3, when informed that the plaintiffs had the required financing and were ready to proceed, indicated that he would carry out the agreement; and that only later in the month were the plaintiffs told that the deal was off.

Conflicts and contradictions in the testimony were, as we have repeatedly held, for the trier to resolve. *Clover &c. Co.* v. *Smith Co.,* 96 N.H. 491, 79 A.2d 8 ( 1951 ); *Lester* v. *Lester,* 109 N.H. 359, 252 A.2d 429 ( 1969 ). We approve the master's ruling that time was not of the essence, and hold that the order for specific performance was proper. *Lancaster Development Corp.* v. *Kattar,* 110 N.H. 163, 262 A.2d 278 ( 1970 ); *Pennock* v. *Ela,* 41 N.H. 189 ( 1860 ). We also hold that the record supports the finding and ruling that the plaintiff Guy produced a buyer able and willing to buy on the defendants' terms, and the verdict for him is sustained. *Richardson* v. *Sibley,* 101 N.H. 377, 143 A.2d 414 ( 1958 ); *Bergeron* v. *Hunt,* 110 N.H. 278, 266 A.2d 121 ( 1970 ).

The order in each case is

*Exceptions overruled.*