Strafford
No. 7568

ROGER COLEMAN ASSOCIATES, INC.

v.

RETSOF COMPANY TRUST
FREDRICK PEYRON, TRUSTEE

January 31, 1977

82

*Nadeau & Gray,* of Dover (*Mr. Joseph P. Nadeau* orally) for the plaintiff.

*Cooper, Hall & Walker,* of Rochester (*Mr. George W. Walker* orally) for the defendant.

PER CURIAM. This is an action in assumpsit to recover a broker's commission for the sale of certain real estate, which did not close. Trial by jury resulted in a verdict for the plaintiff in the amount of $50,000. Defendant seasonably excepted to the denial of his motions for a nonsuit, a directed verdict, and to certain rulings of the court. Defendant further excepted to the denial of his motion to set aside the verdict. All questions of law raised by these and all other exceptions were reserved and transferred by *Dunfey, J.*

Plaintiff is a duly licensed New Hampshire real estate broker. Roger Coleman is a licensed New Hampshire broker employed by the plaintiff corporation. Defendant is the owner of approximately 4,466 acres of land located in Effingham and Ossipee, New Hampshire, known as the "Drake Neighborhood." Fredrick Peyron, is a trustee duly authorized to act on behalf of the defendant.

In January of 1973, Coleman came into contact with representatives of Mudjan Properties Ltd. of Bermuda, and at their request, undertook to find them acreage in which to invest. The prospective buyers eventually showed interest in the "Drake Neighborhood" tract of land owned by the defendant and as per a previous arrangement, Coleman brought the prospective buyers to meet Peyron, defendant's trustee. Offers and counter-offers then ensued. Throughout the negotiations plaintiff insisted on a $50,000 commission and defendant refused to sell the land for less than $800,000. On September 11, 1973, Coleman learned that the prospective buyers, who had previously engaged the services of a prominent Boston law firm, had entered into and signed a purchase and sale agreement with the defendant. No reference to a real estate broker's commission was contained in this agreement.

Upon confirming that a written contract had been entered into by the parties for the sale of the land for $800,000, Coleman filed suit and on September 27, 1973, made an *ex parte* attachment for $90,000 at the registry of deeds. The defendant took no further action to complete the sale on or before the scheduled closing date of November 15, 1973.

■ Defendant asserts that the effective cause of the termination of the sale was the plaintiff broker's attachment of the land in question. We hold that the trial court committed no error in its refusal to permit defendant to introduce evidence of the plaintiff's attachment.

■■ A real estate broker is entitled to his commission if he is the effective cause of procuring a customer willing and able to buy upon the terms proposed by the owner. *Bell v. Warren Dev. Corp.*, 114 N.H. 267, 319 A.2d 299 (1974); *Richardson v. Sibley*, 101 N.H. 377, 379, 143 A.2d 414, 416 (1958); *Philbrick v. Chase*, 95 N.H. 82, 58 A.2d 317 (1948); Restatement (Second) of Agency § 448, Comment *a* (1958). It was not part of the undertaking of the plaintiff that he see that a legal contract was made between buyer and seller. *Philbrick v. Chase*, 95 N.H. at 84, 58 A.2d at 319.

Defendant urges us to extend these well-settled propositions and to apply the rules of law enunciated by the New Jersey Supreme Court in *Ellsworth Dobbs, Inc. v. Johnson*, 50 N.J. 528, 236 A.2d 843 (1967). In that case, the New Jersey court held that where the sale fails because of the buyer's fault, the broker may recover

from the buyer. This rule of law was, however, adopted in a situation where the sale was not closed solely because of the financial incapacity of the buyer to complete the transaction. As such, the *Dobbs* case is clearly distinguishable from the instant case.

Defendant further urges this court to sustain its appeal on the grounds that the plaintiff, as a matter of law, was precluded from recovering a commission. With this we cannot agree. There was evidence from which the jury could find that the sale was not completed solely because of the action of the seller in failing to pay the agreed commission. There was ample evidence from which the jury could find that the plaintiff was the efficient cause of procuring a customer willing and able to buy upon the terms proposed by the owner. *Clark v. Society*, 45 N.H. 331 (1864).

Finally, defendant challenges the trial court's application of legal principles to portions of the evidence. "The extent to which rules of law shall be given specific application to the claims of the parties and the facts disclosed by the evidence in a given case must be left to the sound discretion of the trial court." *Colby v. Lee*, 83 N.H. 303, 307, 142 A. 115, 117 (1928). Conflicts and contradictions in the testimony are, as we have repeatedly held, for the trier of fact to resolve. *Clover &c. Co. v. Smith Co.*, 96 N.H. 491, 79 A.2d 8 (1951); *Lester v. Lester*, 109 N.H. 359, 252 A.2d 429 (1969); *Guy v. Hanley*, 111 N.H. 73, 276 A.2d 1 (1971).

We have examined the balance of defendant's exceptions and contentions and find no prejudicial error.

*Exceptions overruled.*

GRIMES and BOIS, JJ., did not sit.