## GRAVES v. AMOSKEAG MANUFACTURING COMPANY.

In a real action the general issue admits the defendant's possession. It must be denied by a plea of non-tenure or disclaimer.

The plaintiff must show title from the State, or actual possession in himself, or in some person under whom he claims, or he can not recover.

A party is never presumed to have entered on land. If he is shown to have entered, he will be presumed to have entered claiming under his title.

A deed of a way conveys an easement only, not the land itself.

The deed of a party entitled to an easement only, though in terms broad enough to convey the land, conveys only the easement.

WRIT OF ENTRY for one undivided half of a tract of land, twelve rods long and two rods wide, in Manchester, on the east side of Merrimack river. The plaintiff, Josiah G. Graves, claimed title under the three following deeds, which he introduced in evidence.

A quitclaim deed from John Harvey to William Parker, dated January 5, 1803, conveying "a certain ferry on Merrimack river, between the towns of Derryfield and Bedford (commonly called Merrill's ferry), together with the boats thereto belonging, with the privileges on each bank of said river, heretofore used to said ferry; and also all the right Abraham Merrill had in and unto a road of two rods wide, beginning at the west side of said ferry, and from

thence to extend westerly until it joins the river road, so called; and further, the said John sells and conveys to said William, as aforesaid, a road of two rods wide, where the same has been heretofore used, from the east side of said ferry to extend easterly to the great road near Ezekiel Stevens."

A quitclaim deed from the heirs of William Parker to Gilman Palmer, dated November 7, 1842, conveying a certain piece or parcel of land, situate in Manchester, in said county of Hillsborough, on the east side of Merrimack river, beginning at the east bank of said river, and extending easterly to the old road leading to Manchester old meeting-house, near the old house formerly occupied by Ezekiel Stevens, and is the same land that John Harvey deeded to William Parker, late of said Bedford, deceased, by deed, dated January 5, 1803, and recorded July 23, 1808, &c. Said land is two rods wide, and is only that part of the land conveyed by the deed aforesaid, which is situated in said Manchester, on the east side of Merrimack river, and is the road leading from the road to Manchester old meeting-house to Merrill's ferry, so called.

A quitclaim deed from Gilman Palmer to the plaintiff, dated February 24, 1849, conveying "one undivided half of the premises described in the deed from the heirs of William Parker to Gilman Palmer."

The court ruled that upon these deeds the plaintiff could not maintain the action, and the plaintiff excepted.

*Parker & Johnson*, for the plaintiff.

*G. Y. Sawyer*, for the defendant.

BELL, C. J. The foundation of a real action is the alleged wrongful occupation, by the defendant, of the plaintiff's land. The count alleges that the land is the rightful property of the plaintiff, and the defendant has wrongfully entered upon it, and withholds the possession of it from the plaintiff. The general issue of *nul disseizin* denies, not the fact of possession, but that the entry and possession is wrongful. It admits that the defendant is in possession, claiming a freehold estate in it. *Cochecho Co.* v. *Whittier*, 10 N. H. 309; Gil. Dig., Plead., X, d, 5. If he would deny that he is in possession, it must be done by a plea of non-tenure or disclaimer. *Mills* v. *Pierce*, 2 N. H. 10. Upon the general issue neither party can deny the actual possession of the defendant. Having the possession, the title of the defendant is perfect against every body who does not show a better right. All title rests on possession, either actual or presumed. No possession is presumed in favor of any person but the sovereign. The State is presumed to be the owner and in possession of all *bona vacantia*, of all lands to which no other person has title, and the possession of the State is held always to accompany its title. If then the plaintiff derives his title from the State or sovereign, it is not necessary to show any actual possession until sme adverse individual title is shown.

In every other case the plaintiff must show an actual possession

in himself, or in some person under whom he claims, or he shows no title which can avail him.

Now in the present case the plaintiff did not show a title derived from the sovereign, nor from any person shown to have been in actual possession, and he offered no proof that he had been in actual possession himself of the premises to which he lays claim. The deeds he offered did not show any title. They were evidence of transfers of any title which the grantors had, but they did not show that any of the parties to those transfers had any title, and it was not shown in any other way that either of them had any title. The plaintiff's proof then failed wholly, and the ruling of the court was correct.

It is contended that the deed of Parker to Palmer by its terms is a conveyance of land, and the case of *Melcher* v. *Flanders*, 40 N. H. 151, is cited in support of the position, that a party is presumed to enter according to his title; but we do not so understand that case. It was there decided that the party who enters on land is presumed to enter according to his title. He is not presumed to enter, but if he enters it is presumed he enters claiming according to his title.

But it is contended by the defendant that the deeds produced by the plaintiff and relied on by him do not show that any title to land was transferred to him, but merely a right to an easement, for which a writ of entry does not lie; and this view seems to us quite sound. By our law no man acting in his own right can convey any title to property, except what belongs to himself, under powers given by law, or by other parties, executors, guardians, sheriffs, collectors, &c.; and attorneys in fact may convey land belonging to others in certain cases, but no man can convey any interest in land which belongs to another person, unless by virtue of such powers. Here the grantors in all the deeds under which the plaintiff deduces his right, all claim to convey in their own right, and it is not pretended that they had any power except over their own property. The deed of G. Palmer to the plaintiff conveys half the premises described in the deed of the heirs of William Parker to him. The deed from these heirs to Palmer conveys the land in question as land, but refers to the deed of John Harvey to W. Parker. Harvey's deed conveys to W. Parker " a road two rods wide, where the same has been heretofore used, from the east side of said ferry to extend easterly to the great road near Ezekiel Stevens." The property described in this deed is all the interest which Parker or Palmer had, and is consequently all that could pass by their conveyances to the plaintiff. What then was conveyed by Harvey's deed? "A road two rods wide from the ferry to the great road;" not the land, but the easement, unless it appeared that Harvey owned the land occupied by the·road only, in which case the description might be sufficient to convey the land. But there is no evidence in the case that Harvey owned the land, nor the easement indeed, and all the deeds are merely deeds of quitclaim. But quitclaims are good to convey the title a man has. We are then to see what the words import of themselves; that is, what they must be held to mean, if

the deed had been a deed of warranty, and on failure of any right whatever an action was brought on the warranty.

In the case of *Leavitt* v. *Towle*, 8 N. H. 97, the question came up for decision before the Superior Court what was the legal effect of an exception of *a road* in a conveyance of land, and it was held that the exception embraced only the easement, or right of the public in the road, and not the soil. No difference is made in the construction of the words of a deed, whether they are words of grant or of exception.

A like decision was made in the case of an exception of *a highway*, which is in general synonymous with road, in *Peck* v. *Smith*, 1 Conn. 103, also cited by the defendant.

These decisions settle the question that by a grant of a road from one place to another, of such a width, a right of way only passes, unless there is something in the terms of the conveyance or in the title of the property indicating a different intention.

*Judgment on the verdict.*