Hillsborough,
No. 5271.

WILLIAM D. AUGER &a.

*v.*

J. ALBERT CHAPDELAINE &a.

Argued February 2, 1965.
Decided April 30, 1965.

*Emile R. Bussiere* (by brief and orally), for the plaintiffs.

*Eaton, Eaton & Ross* (*Mr. Clifford J. Ross* orally), for the defendants.

WHEELER, J. On September 14, 1956 the defendants by warranty deed conveyed to the plaintiffs as joint tenants a certain tract of land located on Goffs Falls Road in Manchester. Included in this conveyance was the following paragraph which raised the issue now before us. "Also conveying to the grantees the right to tap on the present water line of the grantors' which now lies on the southerly side of Goffs Falls Road, such tap to be a three-quarter inch tap."

The plaintiffs became attracted to the area after viewing a large sign on defendants' property on Goffs Falls Road which read "Lots with City water." The plaintiffs negotiated with the defendants and were told there was sufficient water and that the pressure was good and thereafter purchased the lot in question for $1,650.

In 1951 the defendants installed a 2 1/2 inch private water pipe about 2000 feet long which was connected to the city water line and was situated on the south side of Goffs Falls Road. Other purchasers of land from the defendants which fronted on the south side of this road had been given the right by them and permitted by the water works to tap into this pipe for their water supply. The plaintiffs' land is located on the north side of this highway. Before attempting to tap into defendants' pipe the plaintiffs sought permission from the Manchester water department to do so and were refused because of a ruling of the department made in 1955 that property owners could not have an extension of a private water line which required crossing a public highway. As a result of this refusal the plaintiffs were obliged to join with other property owners in a petition for an extension of the city water main at their own expense.

It is the defendants' contention that they conveyed only such right as they may have had to tap onto their private line and that there has been no breach of covenant on their part.

The Court found and ruled that the plaintiffs were not prevented from tapping into the defendants' water line "by defendants' breach of warranty but by the City of Manchester." The Court further found "that the plaintiffs' alleged damages were not causally connected with the alleged breach of warranty in view of the fact that at no time did the defendants warrant any future water supply to the plaintiffs nor did the plaintiffs claim during the trial that the defendants made any such warranty."

In order to ascertain the meaning of defendants' grant to the plaintiffs of "the right to tap on the present water line of the

grantors" the court must place itself as nearly as possible in the situation of the parties at the time the deed was made in order to gather their intention from the language used viewed in the light of the surrounding circumstances. *North Hampton District* v. *Society*, 97 N. H. 219, 220. The true test is what did the parties mean by the language employed. *Paisner* v. *Renaud*, 102 N. H. 27, 29. This presents a question of law for this court and the findings of the Trial Court are reviewable here. *Hogan* v. *Lebel*, 95 N. H. 95, 97; *Cragin* v. *Woollett*, 104 N. H. 202, 206.

There was uncontradicted evidence that plaintiffs were attracted by a sign on defendants' land "Lots with City Water"; that defendants told them there was sufficient water with good pressure; that defendants had sold other lots whose purchasers had been obtaining their water supply from this same private line. We hold that this clause in the deed was intended as a conveyance by the defendants to the plaintiffs of the right to obtain their water from the private water pipe owned by the defendants which was connected to the city water system. *Hogan* v. *Lebel*, 95 N. H. 95, 97.

There was evidence that this right to obtain water materially affected the price paid for this lot in that it added up to $800 to its value. The ruling of the Trial Court that "the plaintiffs had been prevented from tapping into the defendants' water line not by defendants' breach of warranty but by the City of Manchester" does not absolve the defendants from liability. Where performance by a contracting party is excused by reason of supervening impossibility he is liable to the other party for that part of the purchase price which represented the value of that part of the contract impossible of performance. 6 Williston on Contracts, *s.* 1974, *p.* 5544; 17 Am. Jur. 2d, Contracts, *s.* 423, *p.* 878; Restatement, Contracts, *s.* 468.

The Trial Court's findings that the defendants did not warrant a future water supply and that plaintiffs would have joined voluntarily with their neighbors to obtain a more advantageous arrangement by direct connection to the city water line (at a probable cost of $745.04) affect the amount of damages only.

*Exceptions sustained; remanded.*

BLANDIN, J., did not sit; the others concurred.