Merrimack,
No. 6033.

THE STATE OF NEW HAMPSHIRE

*v.*

LEVI LADD AND LUCILLE LADD.

July 20, 1970.

*Warren B. Rudman,* Attorney General and *Donald A. Ingram,* Assistant Attorney General (*Mr. Ingram* orally), for the State.

*Frederic T. Greenhalge* ( by brief and orally ), for the defendants.

GRIFFITH, J. This is a land taking case in which the issue of the nature of the defendants' title was tried by the Court ( *Bownes, J.* ) who made written findings and rulings. Defendants' exceptions were reserved and transferred by the trial court.

The property in dispute formerly was a portion of the roadbed of the Suncook Valley Railroad. The railroad went into receivership and abandoned its roadbed long before the State's taking on August 16, 1965. On September 14, 1953 the railroad deeded to Edmund Stapleton, Receiver, " all the lands and buildings owned by said Suncook Valley Railroad in the counties of Merrimack and Belknap in said State of New Hampshire. " Defendants acquired by deed dated October 22, 1962 from Edmund Stapleton all the remaining real estate of the Suncook Valley Railroad in Merrimack County.

The trial court ruled that part of the real estate thus acquired by the defendants was a fee simple interest and no exception was taken to this ruling. The sole exception here is that of the defendants to the trial court's ruling that a section of the roadbed acquired by the railroad by warranty deeds of Samuel Martin and Norris Cochran on May 12, 1870 conveyed only an easement for a railroad right of way.

The defendants argued that these deeds conveyed the strip of land rather than an easement. The two deeds conveyed certain property owned in common by Martin and Cochran and certain property owned separately. The first section in dispute has the following language of conveyance; " . . . and *also the right of way for said Suncook Valley Railroad over a tract of land* in Allenstown in the County of Merrimack, in the State of New Hampshire, 1400 feet in length and 6 rods in width, lying equally on both sides of the centre line of the Suncook Valley Railroad, as laid out and located, as appears by the location thereof, returned to the office of the Secretary of State, and extending from the land of John Lovejoy on the South for the distance aforesaid and thence to land of said Norris Cochran about 612 feet and of the width of four rods. " (Emphasis added ).

The other tract in dispute is contained in the Martin deed and the conveyance there reads: " *Also the right of way for said Suncook Valley Railroad over another tract of land* in said Allens-

town 719 feet in length and 4 rods in width lying equally on both sides of said Centre line and extending from land of William Knox on the South to land of John Lovejoy on the North. Said premises last described to be used for railroad purposes. " ( Emphasis added ).

We agree that the interpretation of a deed presents a question of law reviewable here ( *Auger* v. *Chapdelaine,* 106 N.H. 246, 248, 209 A.2d 710 ) and the language used must be viewed in the light of the surrounding circumstances. *North Hampton District* v. *Society,* 97 N.H. 219, 220, 84 A.2d 833. The defendants urge that the surrounding circumstances here clearly indicate an intention by the two original grantors to convey the land in fee and not merely a right of way over it. This they argue from the fact that the records introduced in evidence showed takings of the rights of way from the two grantors sometime before the deeds were given at lesser consideration than the deeds. Whether the seventy-five dollars additional paid for the deeds was a compromise of an appeal by the grantors from the taking by eminent domain or paid for the other land included in the deeds does not appear and we find no help in interpretation of the deeds from the known circumstances.

Defendants next argue that the fact that the deeds contained warranty covenants in the habendum indicated an intention to convey a fee in the right of way. In this case however the deeds did convey a fee in other land and the presence of warranty covenants is not determinative with respect to the rights of way. *See* RSA 477:24.

The language in the deeds here is not ambiguous. It does not grant a tract of land for a railroad right of way but a right of way over a tract of land. The distinction was recognized early in this State in *Graves* v. *Amoskeag Company,* 44 N.H. 462 and *Coburn* v. *Coxeter,* 51 N.H. 158. In the latter case in construing a deed in which the land was granted the court stated: "A conveyance of a right of way over that parcel of land would clearly pass only an easement, leaving the fee in the grantor; but here the land itself, in the broadest terms, is granted, and the restriction upon the use is entirely consistent with the passing of the fee. " *Id.* at 166.

Cases in other jurisdictions involving railroad rights-of-way generally have held that the fee in the land is not transferred by a grant of a right of way over a tract of land and is transferred by a grant of a tract of land for a right-of-way. *See*

cases collected Annot., 132 A.L.R. 142. *McCotter* v. *Barnes,* 247 N.C. 480, 101 S.E.2d 330 relied upon by the defendants was the grant of a tract of land for a right of way. The recent case of *United States* v. 1.44 *Acres of Land etc.,* 304 F.Supp. 1063 (Md. Dist. Ct. 1969) involved two deeds one of which conveyed "a right of way . . . over the strip of land," and the second conveyed land with rights to cut and fill in for the railway. The first was held an easement and the second a conveyance of land.

The trial court properly ruled that the Martin and Cochran deeds conveyed only easements to the railroad and the defendants did not acquire a fee simple in the land over which the rights of way passed.

*Defendants' exceptions overruled.*

All concurred.