Rockingham,
No. 6098.

BARBARA A. SCHECHTER

*v.*

ARNET R. TAYLOR & *a.*

June 30, 1972.

*Shaw & Eldredge* (*Mr. Carleton Eldredge* orally) for the plaintiff.

*William W. Treat,* by brief, for the defendants.

GRIMES, J. The question presented by this petition for declaratory judgment is whether restrictions in plaintiff's deed prohibit the construction of apartment houses on her land. A hearing was begun before a master who declared a mistrial because of personal disqualification discovered during trial, and the matter was presented to the superior court on an agreed statement of facts and a partial transcript. The Court, *Leahy,* C.J., following a view, made certain findings and transferred the question without ruling.

Defendant Taylor and his wife are owners of land abutting that of plaintiff. Both parcels were originally owned by the defendant Mary Gordon. On November 2, 1965, Mrs. Gordon conveyed part of the premises, including a colonial house, to the Taylors and on the same day conveyed another portion to one Hurni, the predecessor in title of the plaintiff. Both deeds contained restrictive convenants but were couched in

different language. Plaintiff purchased subject to the restrictions in the Hurni deed and is governed by them. The question before us is whether these restrictions will permit the construction of apartment houses.

The restrictions governing plaintiff are in material part as follows:

"[N]ot more than two (2) single family dwellings with the usual appurtenant buildings, with a construction cost of not less than $25,000.00 for the original building, shall be constructed on the said premises . . . that said premises shall be used for residential purposes only and such business activities as the grantee or his successors or assigns may wish to conduct on said premises. Nothing in this Agreement shall prohibit the grantee from having a guest apartment or guest room above the storage space in the barn or storage to be constructed on the premises, or from conducting his business under the corporate title of Max Hurni, Importer, Inc., on said premises. Business activities permitted under Hampton Zoning Ordinance as of November 1, 1965 may be conducted on said premises except that no filling station, garage, parking lot, building material yard, or coal or coke or wood yard may be built or maintained on the premises. The above restrictions shall run with the land and shall terminate 25 years from the date of the deed to the grantees".

We must examine the language in the light of all the surrounding circumstances and place ourselves as nearly as possible in the situation of the parties at the time the deeds were made and attempt to arrive at their intention. *Auger* v. *Chapdelaine,* 106 N.H. 246, 248, 209 A.2d 710 (1965). There was evidence that the Taylors and Mr. Hurni were negotiating with Mrs. Gordon for the purchase of their parcels at the same time and that they conferred together with respect to the restrictions to be contained in their deeds and conferred separately with Mr. and Mrs. Gordon. At one point when the Taylors came to an agreement with Mrs. Gordon, Mr. Gordon called Hurni and told him what the agreement was. Taylor testified that he insisted as a condition of his purchase that the Hurni land be limited to two single-family houses and that this was agreed to by Hurni.

On the parcel purchased by the Taylors, there is a large

colonial house of historic value, and there are other colonial homes in the area. Hurni was an importer of clothing and ski equipment and desired to carry on his business from his home on the premises, and this right was incorporated in his deed.

The Taylor deed contains substantially the same restrictions as the Hurni deed as it relates to business activities permitted by the zoning ordinance which also terminated in twenty-five years. Considering the nature of the house on the Taylor tract, its historic value, and the nature of the neighborhood, it is unlikely that it was intended that it would be used for any business within twenty-five years other than that which could be conducted without substantial alteration of the neighborhood. We are of the opinion that all the parties had in mind the preservation of the neighborhood for the next twenty-five years and intended to permit only such business activities as could be carried on in or from a residence. We think the restriction in Hurni's deed that not more than two single-family dwellings with the usual appurtenant buildings could be constructed on the premises was intended to prohibit construction of anything but single-family dwellings on the land and not more than two of them, thus preserving the character of the neighborhood and still permitting certain kinds of business to be conducted in and from these buildings.

*Remanded.*

All concurred.