Merrimack
No. 6696

LEVI K. LADD AND LUCILLE A. LADD

v.

STATE OF NEW HAMPSHIRE

September 30, 1974

*Frederic T. Greenhalge,* by brief and orally, for the plaintiffs.

*Ingram & Myers,* special counsel *(Mr. Donald A. Ingram* orally), for the State of New Hampshire.

GRIFFITH, J. This is a petition to quiet title concerning a certain tract of land in Allenstown, New Hampshire to which plaintiffs, Levi and Lucille Ladd, and defendant, the State of New Hampshire, assert conflicting claims of ownership. The case began as a petition for injunctive relief, but by stipulation of the parties was changed to a petition to quiet title. A hearing with a view was held before a Judicial Referee *(Amos N. Blandin, Jr.),* who made findings of fact and rulings of law and decreed for the defendant. Plaintiffs filed a bill of exceptions and a motion to set aside the findings of fact, rulings of law and the decree. The referee denied plaintiffs'

motion subject to exception and all questions of law raised by the foregoing exceptions were reserved and transferred by the Trial Court (*Grant,* J.).

This case involves the same parties and the same tract of land that was involved in *State v. Ladd,* 110 N.H. 381, 268 A.2d 894 (1970). That case arose from an eminent domain proceeding brought by the State of New Hampshire pursuant to RSA 4:30 for the purpose of expanding Bear Brook State Park in Allenstown, New Hampshire. On August 16, 1965, the State took title to a narrow strip of land of approximately 4,160 feet in length (not including one traversing portion formerly owned by Louis Goldstein) which comprised a portion of the abandoned right of way of the now-defunct Suncook Valley Railroad Company. The railroad went into receivership and abandoned its roadbed long before the taking by the State. In September 1953 the railroad conveyed by quitclaim deed to Edmund Stapleton, receiver, all its lands and buildings in Merrimack and Belknap Counties. On October 22, 1962, Mr. Stapleton conveyed by quitclaim deed to Levi and Lucille Ladd, all his right, title and interest in the tract in question. The first *Ladd* case determined that with the exception of a small portion of the right of way of approximately 300 feet in length which the Ladds acquired in fee from Stapleton, the State had title to the right of way as of August 16, 1965, and the only interest in the land which the Ladds acquired from Stapleton was the abandoned easement of the railroad right of way.

In the present case the plaintiffs, Mr. and Mrs. Ladd, claim title to two other tracts of land along the same right of way which was the subject of litigation in the first *Ladd* case. They assert that they are successors in interest to two strips of the Suncook Valley Railroad right of way by virtue of quitclaim conveyances to them from Louis Goldstein and Madeleine Biscornet on January 7, 1967. The tracts in question total approximately 670 feet in length. The first tract or the Goldstein tract is approximately 270 feet in length. The second tract, or Biscornet tract, is approximately 400 feet in length.

The State contends that the present case should be dismissed as res judicata by reason of the judgment against the

present plaintiffs in *State v. Ladd,* 110 N.H. 381, 268 A.2d 894 (1970). The quitclaim deeds which the plaintiffs acquired from Goldstein and Biscornet and on which they base their claim of title in this case were both dated January 7, 1967, some six months before the trial in the previous case. The common sense approach of New Hampshire procedure suggests that the issues of the present case should have been included in the previous case thus avoiding the present trial and appeal. *Mansfield v. Federal Serv. Fin. Corp.,* 99 N.H. 352, 111 A.2d 322 (1955). The failure to do so was by ruling requested by the State in the previous case that interests of the now plaintiffs acquired after August 16, 1965, were not to be considered. In this situation res judicata does not bar the plaintiffs. *Cf. McGrath v. McGrath,* 109 N.H. 312, 251 A.2d 336 (1969).

The State acquired in 1965 the Goldstein land by eminent domain taking and the Biscornet land by warranty deed. The referee took a view in the case and found that the description in the Goldstein condemnation took across the Suncook Valley right of way to a wire fence bounding on an adjoining landowner named MacRitchie thus including the entire right of way in the taking. Since the location on the ground of boundaries described in deeds is for the trier of facts *(Rautenberg v. Munnis,* 108 N.H. 20, 22, 226 A.2d 770, 772 (1967)) and the description in the taking supports the finding of the referee that the land of the right of way was included, we sustain the referee's findings. *Sheris v. Morton,* 111 N.H. 66, 69, 276 A.2d 813, 815 (1971).

An examination of the description in the Biscornet deed to the State indicates that the referee correctly found that it included all the land of the railroad right of way which crossed the southerly portion of the Biscornet tract. The reservation in that deed of any rights of others to the Suncook Valley Railroad right of way refers to the easement rights of the plaintiffs acquired from the defunct railroad and disposed of in *State v. Ladd,* 110 N.H. 381, 268 A.2d 894 (1970).

The referee correctly ruled upon the basis of his findings that in 1965 the taking from Goldstein and the deed to the State from Biscornet vested in the State title to the land under the railroad right of way and that the plaintiffs acquired

616

nothing by their quitclaim deeds in 1967. The referee properly excluded evidence offered by the plaintiffs purporting to show that the State dealt unfairly with Goldstein and Biscornet. The evidence had no relevance to the issue of whether plaintiffs acquired any interest in the property by the 1967 conveyances.

*Exceptions overruled; petition dismissed.*

All concurred.